STATE of Texas ex rel. Fred C. RODRIGUEZ, District Attorney, Relator,

v.

Honorable James C. ONION, Judge 73rd District Court, Respondent.

No. 69853.

Court of Criminal Appeals of Texas, En Banc.

Nov. 12, 1987.

Fred G. Rodriguez, Dist. Atty. and Ilse D. Bailey-Graham, Asst. Dist. Atty., San Antonio, for relator.

Jim Mattox, Atty. Gen. and Mary F. Keller, F. Scott McCown and C. Rex Hall, Jr., Asst. Attys. Gen., Austin, for respondent.

William H. Ferguson, San Antonio, for real party in interest.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is an original application for writs of mandamus and prohibition. The relator alleges that the respondent, a district court judge, was without jurisdiction to issue a writ of habeas corpus in a case involving a misdemeanor conviction which had been tried in County (Probate) Court. We find relator's argument to be without merit and deny the writ for the reasons given below.

■ Chapter Eleven of the Code of Criminal Procedure spells out the procedure for handling a writ of habeas corpus. Relator asserts that Article 11.09, V.A.C.C.P.,[1] mandates that the proper forum for a habeas corpus application concerning a misdemeanor is in the County Court. However, Article 11.05, V.A.C.C.P., provides:

"The Court of Criminal Appeals, *the District Courts*, the County Courts, or any Judge of said Courts, have power to

issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law."

We find this provision to be dispositive on the issue of jurisdiction. The fact that the conviction in the instant case was for a misdemeanor is of no importance. An examination of the language of Article 11.09, supra, reveals that it is permissive, not mandatory, and is therefore merely advisory in nature. Article 11.09 is not sufficient to deprive the District Court of its jurisdiction to hear post conviction habeas corpus petitions in cases involving misdemeanors. *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex.Cr.App.1978); *Ex parte Crosley*, 548 S.W.2d 409 (Tex.Cr.App.1977); *Ex parte Phelper*, 433 S.W.2d 897, 898 (Tex.Cr.App. 1968); *Von Kolb v. Koehler*, 609 S.W.2d 654, 656 (Tex.App.—El Paso 1980).

■ Relator also relies on the 1985 amendment to Article V, Section 8 of the Texas Constitution. We find relator's contention to be without merit. Article V, Section 8 reads, in pertinent part:

"District Court jurisdiction consists of exclusive, appellate and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction."

There is no grant of jurisdiction to the county courts which precludes a District Court from exercising its plenary power over issuance of writs of habeas corpus in misdemeanor actions. The Texas Constitution states only that county courts have jurisdiction as provided by law. Article V, Section 16, Texas Constitution. The statutory scheme of jurisdiction is found in Chapter Eleven of the Code of Criminal Procedure. As noted earlier, Chapter Elev-

---

**1.** Article 11.09, V.A.C.C.P., provides:
"If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if

there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody."

en has been consistently interpreted as providing for concurrent jurisdiction.[2]

 Furthermore, in order to decide if mandamus is the appropriate remedy, this Court has traditionally applied a two-prong test. First, the relator must demonstrate that he has no other adequate remedy at law, and second, that the act sought to be compelled is purely ministerial, as opposed to discretionary or judicial in nature. *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 127 (Tex.Cr.App.1987); *State ex rel. Thomas v. Banner,* 724 S.W.2d 81, 83 (Tex.Cr.App. 1987); *State ex rel. Millsap v. Lozano,* 692 S.W.2d 470, 483 (Tex.Cr.App.1985); *State ex rel. Wade v. Mays,* 689 S.W.2d 893, 897 (Tex.Cr.App.1985). We cannot breathe life into a judgment declared void by a court properly acting within the scope of its jurisdiction. As respondent acted with jurisdiction over the subject matter, it is of no importance whether declaring the judgment void was right or wrong, or even if the act was ministerial or discretionary. There is nothing to mandamus, ergo mandamus does not lie. *State ex rel. Wade v. Mays,* supra; *State ex rel. Holmes v. Denson,* 671 S.W.2d 896, 899 (Tex.Cr.App. 1984); see also, *Homan v. Hughes,* 708 S.W.2d 449, 453 (Tex.Cr.App.1986). The writ is denied.

 The State also prayed for the issuance of a writ of prohibition. That writ issues only to prevent the threatened commission of a future act, and not to undo an act performed. Similarly, it will not issue to review an act which has already been performed, or to annul or correct proceedings already terminated. *State ex rel. Millsap v. Lozano,* supra; *State ex rel. Wade v. Mays,* supra; *LeBlanc v. Gist,* 603 S.W.2d 841 (Tex.Cr.App.1980); *State ex rel. Smith v. Blackwell,* 500 S.W.2d 97 (Tex.Cr.App.1973). Thus, under the facts, the State is not entitled to a writ of prohibition.

The application for writ is denied.

2. The Government Code contains the only other reference to a county court's habeas jurisdiction. Tex.Gov't.Code Ann., Section 26.047. That provision also fails to deprive district courts of jurisdiction as it merely *allows* county courts to exercise habeas power in any case in which the constitution has not conferred the power on the district courts.

TEAGUE, J., concurs in the result.

ONION, P.J., not participating.