NO. 07-02-0490-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 6, 2002



______________________________




IN RE ADAM LOPEZ



_________________________________







Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 Relator Adam Lopez seeks a writ of mandamus ordering respondent, the Honorable
Blair Cherry, Jr., Judge of the 72nd District Court of Lubbock County, to adjudicate a
Petition for Expunction. We deny the petition for writ of mandamus. 

 On November 25, 2002, Lopez filed with the clerk of this court a pleading seeking
issuance of writ of mandamus directed to respondent. Relator's pleading alleges that he
filed a petition seeking expunction of records as to Cause Number 98-428290 in the 72nd
District Court of Lubbock County ("the subject cause") and that respondent failed to act on
such petition. We are requested to direct respondent to act on the petition. 

 In support of the petition for writ of mandamus, relator attached a copy of his
Petition for Expunction of Records and a Motion to Dismiss and Order of Dismissal in the
subject cause. No other document or record of proceedings is attached to or furnished in
support of relator's application for writ of mandamus. Fundamental requirements of due process mandate an opportunity to be heard. 
Creel v. District Atty. for Medina County, 818 S.W.2d 45, 46 (Tex. 1991). Thus, a district
court may be compelled via mandamus to consider and rule on a pending motion
presented to the court. See State ex rel. Curry v. Gray, 726 S.W.2d 125, 128
(Tex.Crim.App. 1987). Mandamus, however, will not issue to compel a particular result in
a discretionary decision on a motion. Id; White, 640 S.W.2d at 593-94.

 Consideration of and ruling on a motion properly filed and pending before a trial
court are ministerial acts. See Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex.
1992); White v. Reiter, 640 S.W.2d 586, 594, 596 (Tex.Crim.App.1982). Relators seeking
issuance of a writ of mandamus directing a trial court to take action in a proceeding must
satisfy three requirements to show entitlement to the writ: (1) a legal duty on behalf of the
trial court to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v.
Massey, 586 S.W.2d 843, 846 (Tex. 1979). Relators seeking issuance of a writ of
mandamus also must provide a sufficient record to establish entitlement to such relief. 
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). It is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
and that was filed in any underlying proceeding, and a properly authenticated transcript
of any relevant testimony from any underlying proceeding including any exhibits offered
in evidence or a statement that no testimony was adduced in connection with the
complained of matter. Tex. R. App. P. 52.7(a). 

 Relator's petition contains only allegations. Those allegations do not assert that
relator presented his motion to respondent for action on the motion. Nor do the
attachments to relator's petition for mandamus show that relator presented his trial court
petition or the matters in it to respondent with a request that respondent consider and act
on the matters. See State ex rel. Curry, 726 S.W.2d at 128. Accordingly, relator has not
presented a record which shows entitlement to the relief sought, or upon which we are
authorized to act. 

 The petition for writ of mandamus is denied.


 Phil Johnson

 Justice




Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



09-0207-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 20, 2009
                                       ______________________________

IN RE JOEL L. HERNANDEZ, RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON PETITION FOR WRIT OF
MANDAMUS AND PROHIBITION 
 
          By a petition for a writ of mandamus and prohibition, relator Joel L. Hernandez
requests issuance of mandamus directing the Honorable Larry B. “Rusty” Ladd, Presiding
Judge of the Lubbock County Court at Law No. 1, and Lubbock County, to conduct a
“judicial inquiry” or hearing into the extension of his jail time pursuant to article 43.09 of the
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 43.09 (Vernon 2007). 
See also Tex. R. App. P. 52.1. Relator also requests that we direct the trial court judge to
act on his application for writ of habeas corpus. We will deny relator’s petition.
          Relator’s petition states he currently is incarcerated in the Lubbock County Jail. 
Relator was convicted in the Lubbock County Court at Law No. 1 of the misdemeanor
offense of assault-domestic violence. See Tex. Penal Code Ann. § 22.01(a) (Vernon
2007). He was sentenced to 365 days in jail and a fine and court costs in the amount of
$4309. This Court affirmed appellant’s conviction on September 24, 2008. See Hernandez
v. State, 280 S.W.3d 384 (Tex.App.–Amarillo 2008, no pet.). According to relator’s
petition, he filed an application for writ of habeas corpus with the trial court on May 26,
2009 asserting violations of his statutory and constitutional rights and requesting the trial
court conduct a “judicial inquiry” as to his inability to pay the imposed fine and costs and
his continued jail time pursuant to article 43.09. In response, relator asserts, the trial court
sent him a letter informing him that the court was closed until June 22, 2009 and Judge
Ladd was “on vacation.”


 
          Thereafter, on June 24, relator filed his petition for writ of mandamus and prohibition
with this Court, asking us to: (1) consider his petition on a “fast-track accelerated
schedule;” (2) order respondents to file an accelerated reply to this petition; (3) order
respondents to issue the writ process, requiring the Lubbock County District Attorney to file
a reply to the writ application filed in the trial court; (4) order respondents to render a final
writ decision following a mandatory evidentiary hearing; and (5) in the alternative, to
transfer this case to the nearest county court at law in the event the trial court is “on
vacation.”
          A writ of prohibition directs a lower court to refrain from doing some act while a writ
of mandamus commands a lower court to do some act. In re Lambert, 993 S.W.2d 123,
126 (Tex.App.–San Antonio 1999, orig. proceeding), citing Tilton v. Marshall, 925 S.W.2d
672, 676 n.4 (Tex.1996). Prohibition is an extraordinary proceeding and should be used
sparingly. Guerra v. Garza, 987 S.W.2d 593, 594 (Tex.Crim.App.1999). Mandamus is an
extraordinary remedy available only in limited circumstances, and not for grievances that
may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992)
(orig. proceeding). 
          As noted, relator’s petition refers both to a writ of mandamus and writ of prohibition. 
A writ of prohibition has three principal functions: 1) preventing interference with higher
courts in deciding a pending appeal; 2) preventing an inferior court from entertaining suits
that would relitigate controversies already settled by the issuing court; and 3) prohibiting
a trial court's action when it affirmatively appears the court lacks jurisdiction. Humble
Exploration Co., Inc. v. Walker, 641 S.W.2d 941, 943 (Tex.App.–Dallas 1982, writ ref’d);
In re Staley, No. 07-00-0467-CV, 2001 WL 25692 (Tex.App.–Amarillo 2001, orig.
proceeding). A writ of prohibition issues only to prevent the threatened commission of a
future act. State ex rel. Rodriguez v. Onion, 741 S.W.2d 433, 435 (Tex.Crim.App. 1987). 
Relator does not ask this Court for relief consistent with a request for a writ of prohibition,
and his request for such a writ will be denied.
 
          Turning to relator’s petition for a writ of mandamus, relator states he filed his
application for a writ of habeas corpus in the trial court on May 26 and the court had not
acted on it by the time he filed his petition in this Court on June 24. Mandamus relief is
authorized in a criminal case if the relator establishes that (1) he has no other adequate
legal remedy and (2) the act sought to be compelled is purely ministerial. State ex rel.
Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). Regarding the first
requirement, there is no right to appeal in a misdemeanor case in which a trial judge
refuses to issue a post-conviction writ of habeas corpus or to grant a hearing on the merits
of the applicant's claim. Ex parte Crosley, 548 S.W.2d 409 (Tex.Crim.App.1977). In the
current matter, it is unclear that the trial court has refused to rule or hold a hearing. Rather,
it may be that the application has not been brought to the attention of the trial court.



          Even assuming relator’s petition establishes appeal is not available to him, however,
the unavailability of an appeal does not automatically make mandamus available. See In
re Piper, 105 S.W.3d 107, 110-11 (Tex.App.–Waco 2003, orig. proceeding). In
circumstances similar to those relator alleges, Texas courts have found the relator to have
an adequate legal remedy by filing the application for writ of habeas corpus in another
court having habeas jurisdiction. See, e.g., In re Wiley, No. 12-07-00167-CR, 2007 WL
2178558 (Tex.App.–Tyler July 31, 2007, orig. proceeding); Piper, 105 S.W.3d at 110-11.
See also Onion, 741 S.W.2d at 434 (district courts also have power to issue writ of habeas
corpus, and Code of Criminal Procedure article 11.09 does not deprive them of that power
in cases involving misdemeanors).


 See generally Ex parte Schmidt, 109 S.W.3d 480, 481
(Tex.Crim.App. 2003).
          Here, relator’s petition is based on the assumption that a writ of mandamus issued
by this Court is his only remedy. But the law provides another legal remedy, and relator
has not shown it to be inadequate. See, e.g., In re Altschul, 236 S.W.3d 453, 456
(Tex.App.–Waco 2007, orig. proceeding) (distinguishing Piper and finding mandamus
available). Accordingly, relator’s petition for mandamus and prohibition both are denied.
 
                                                                James T. Campbell

                                                                         Justice