Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS




)
 

)
 No. 08-03-00210-CR

)


EX PARTE: ALEXANDER TARANGO )
 Appeal from

)
 

)
 205th District Court

)


)
 of Culberson County, Texas

)


)
 (TC# 1320)



O P I N I O N



 Alexander Tarango appeals from an order denying habeas corpus relief. The issue before us
is whether the notice of appeal must comply with the certification requirement found in Rule 25.2(d)
of the Texas Rules of Appellate Procedure. Concluding that it must, we order Tarango to amend his
notice of appeal to comply with the certification requirement.

FACTUAL SUMMARY


 On September 18, 2002, Tarango was convicted of criminal trespass, a misdemeanor, in the
County Court of Culberson County in a case styled The State of Texas v. Alexander Tarango (cause
number 4160). Tarango subsequently filed a petition for writ of habeas corpus in the 205th District
Court of Culberson County. Following an evidentiary hearing, the District Court denied relief on
March 24, 2003. Tarango timely filed a notice of appeal on April 2, 2003. See Tex.R.App.P. 31.
The notice of appeal did not contain the trial court's certification as required by Tex.R.App.P. 
25.2(d). Upon receipt of the notice of appeal, the Clerk's Office wrote to Tarango's counsel
requesting that he address the issue whether Tarango's notice of appeal is required to comply with
Rule 25.2(d). Counsel has filed a response on behalf of Tarango in which he argues that the
certification requirement does not apply to appeals from an order denying habeas corpus relief.

THE CERTIFICATION REQUIREMENT


 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt
or other appealable order. In a plea bargain case--that is, a case in which 
defendant's plea is guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


[Emphasis added]. Tex.R.App.P. 25.2(a)(2).


 Rule 25.2(d) addresses the certification requirement at issue in this case. The rule requires
that the trial court certify whether the defendant has a right of appeal under Rule 25.2(a)(2). 
Tex.R.App.P. 25.2(d). (1) Rule 25.2(a)(2), in turn, requires that the trial court enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or other
appealable order. Tex.R.App.P. 25.2(a)(2). The appeal must be dismissed if a certification showing
the defendant has the right of appeal has not been made part of the record under the Rules of
Appellate Procedure. Tex.R.App.P. 25.2(d).

 Without citing any authority, Tarango first asserts that habeas corpus "has been universally
held to be a civil action." Since Rule 25.2 only applies to criminal cases where a defendant has a
right of appeal pursuant to Article 44.02, (2) he reasons that Rule 25.2(d)'s certification requirement
applies only to those defendants pursuing a direct appeal from a conviction or who are appealing
some other appealable order in a criminal prosecution and does not apply in an appeal from the
denial of habeas corpus relief. We disagree.

 The habeas corpus proceeding brought by Tarango under the auspices of the Code of
Criminal Procedure is a criminal, not a civil, proceeding. By his habeas corpus petition, Tarango
collaterally attacked his misdemeanor conviction for criminal trespass. Although Tarango cited
Article 11.01 of the Code of Criminal Procedure as the sole authority for his habeas corpus petition,
the governing statute is Article 11.09 as it authorizes writs of habeas corpus in misdemeanor cases.
See Tex.Code Crim.Proc.Ann. arts. 11.01, 11.09 (Vernon 1977). Tarango invoked the district
court's jurisdiction to grant habeas corpus relief in misdemeanor cases pursuant to Article 11.05. 
See Tex.Code Crim.Proc.Ann. art. 11.05; State ex rel. Rodriguez v. Onion, 741 S.W.2d 433, 434
(Tex.Crim.App. 1987). (3) This Court has previously held that a writ of habeas corpus proceeding
brought pursuant to Article 11 of the Code of Criminal Procedure is a criminal proceeding. Gibson
v. State, 921 S.W.2d 747, 753 (Tex.App.--El Paso 1996, writ denied). (4)

 Further, Tarango's appeal of the denial of habeas corpus relief is a criminal action within the
meaning of Article 44.02, which provides that a defendant in any criminal action has the right of
appeal under the rules "hereinafter prescribed" in the Code of Criminal Procedure. Tex.Code
Crim.Proc.Ann. art. 44.02 (Vernon 1979). Prior to a 1985 amendment moving the provision to the
Rules of Appellate Procedure, Article 44.34 of the Code of Criminal Procedure provided for the right
to appeal from denial of habeas corpus relief. Acts 1981, 67th Leg., R.S., ch. 291, § 140, 1981
Tex.Gen.Laws 818, repealed by Acts 1985, 69th Leg., R.S., ch. 685, § 4, 1985 Tex.Gen.Laws
2472 (current version found at Tex.R.App.P. 31). It is well established that appeals from the denial
of relief sought in misdemeanor post-conviction writs of habeas corpus are properly directed to the
intermediate courts of appeals. See Ex parte Jordan, 659 S.W.2d 827, 828 (Tex.Crim.App. 1983);
Dahesh v. State, 51 S.W.3d 300, 302 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd); see also
Tex.R.App.P. 31 (governing appeals from habeas corpus proceedings). Because a misdemeanor
post-conviction writ of habeas corpus proceeding is an appealable criminal action within the
meaning of Article 44.02 and the order denying habeas corpus relief is an appealable order within
the meaning of Rule 25.2(a)(2), we conclude that the certification requirement of Rule 25.2(d)
applies in the instant appeal.

 It is necessary to address a second argument raised by Tarango. He asserts that if the
certification requirement applies, then it will operate to preclude anyone from ever appealing the
denial of habeas corpus relief because the trial court will be required to certify that the appeal is not
for a jurisdictional defect, the substance of the appeal was not raised by written motion and ruled on
before trial, and the trial court has not granted permission to appeal. Apparently, Tarango mistakenly
believes that the certification requirement applies only to guilty pleas. To the contrary, Rules
25.2(a)(2) and (d) apply to judgments entered following a jury trial and to appealable orders. A
review of the certification form recommended by the Court of Criminal Appeals reflects that the trial
court has five choices available when certifying the defendant's right of appeal in a criminal case. 
The form provides as follows:

 I, judge of the trial court, certify this criminal case:


 is not a plea-bargain case, and the defendant has the right of appeal. [or]




 is a plea-bargain case, but matters were raised by written motion filed and
ruled on before trial and not withdrawn or waived, and the defendant has the
right of appeal. [or]




 is a plea-bargain case, but the trial court has given permission to appeal, and
the defendant has the right of appeal. [or]




 is a plea-bargain case, and the defendant has NO right of appeal. [or]




 the defendant has waived the right of appeal.



Tex.R.App.P. 25.2(a)(2), Appendix (Trial Court's Certification of Defendant's Right of Appeal).


 In this particular case, the trial court would be required to certify that the criminal case "is
not a plea-bargain case, and the defendant has the right of appeal." Thus, the application of Rule
25.2 does not deprive Tarango of the right to appeal. Tarango is directed to file an amended notice
of appeal in the appellate court no later than thirty days after the issuance of this opinion. If Tarango
fails to comply with Rule 25.2(d), his appeal will be dismissed pursuant to Rule 25.2(d) without
further notice.


July 24, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Publish)
1. "If the defendant is the appellant, the record must include the trial court's certification of the defendant's right
of appeal under Rule 25.2(a)(2). The certification should be part of the record when notice is filed, but may be added
by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate
court under Rule 34.5(c)(2). The appeal must be dismissed if a certification that shows the defendant has the right of
appeal has not been made part of the record under these rules." Tex.R.App.P. 25.2(d).
2. Tex.Code Crim.Proc.Ann. art. 44.02 (Vernon 1979).
3. Although Article 11.09 of the Code of Criminal Procedure provides that an application for a writ of habeas
corpus in a misdemeanor case should be filed in the county court, the statute is merely advisory and does not deprive the
district court of its jurisdiction to hear post-conviction habeas corpus petitions in misdemeanor cases. State ex rel.
Rodriguez v. Onion, 741 S.W.2d 433, 434 (Tex.Crim.App. 1987).

 
4. Tarango's counsel was the petitioner in Gibson.