# NO. 12-08-00274-CR
# NO. 12-08-00275-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|                                          |   |                         |
|------------------------------------------|---|-------------------------|
|                                          | § |                         |
| *IN RE: CURTIS ANTONIO DAVIS,* *RELATOR* | § | *ORIGINAL PROCEEDING*   |
|                                          | § |                         |

## *MEMORANDUM OPINION*

Curtis Antonio Davis requests mandamus relief complaining that the trial court has not taken steps to ensure that the merits of Davis's applications for writ of habeas corpus are ruled on.[1] We deny the petition for writ of mandamus.

Davis filed an application for a postconviction writ of habeas corpus in two cases involving misdemeanors. The applications were originally filed in the County Court at Law of Smith County. Because the judge of that court and another of the three county court at law judges in Smith County recused themselves due to a conflict of interest, the applications were transferred to County Court at Law Number 3. Ultimately, Davis's habeas applications were denied without a hearing. He then filed a document entitled "Waiver of Conflict of Interest for Merits Review of Misdemeanor Writ Applications," whereby he sought to waive the conflict of interest that formed the basis for the two judges' recusals. This document was presented to all three county court at law judges and denied by the respondent. Davis complains that, by denying the waiver, the respondent has deprived him of a remedy at law. He asks this court to order the respondent to either appoint another Smith

---

[1] The respondent is the Honorable Floyd T. Getz, Judge of the County Court at Law Number 3, Smith County, Texas. The real party in interest is the State of Texas.

County judge or a visiting judge to hear the merits of the writ applications.

Mandamus relief is authorized in a criminal case only if the relator establishes that (1) he has no other adequate legal remedy and (2) the act sought to be compelled is purely ministerial. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). Regarding the first requirement, there is no right to appeal in a misdemeanor case in which a trial judge refuses to issue a postconviction writ of habeas corpus or to grant a hearing on the merits of the applicant's claim. *Ex parte Crosley*, 548 S.W.2d 409, 409 (Tex. Crim. App. 1977). But the unavailability of an appeal does not automatically establish that mandamus is available. *See In re Piper*, 105 S.W.3d 107, 110-11 (Tex. App.–Waco 2003, orig. proceeding). To the contrary, the remedy is simply to file the writ with another court. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); *see also In re Wiley*, No. 12-07-00167-CR, 2007 WL 2178558, at *1 (Tex. App.–Tyler July 31, 2007, orig. proceeding) (mem. op., not designated for publication); *Piper*, 105 S.W.3d at 110 (citing *Ex parte Ainsworth*, 27 Tex. 731, 732 (1865)).

A person confined on a misdemeanor charge may seek a writ of habeas corpus from the county judge of the county in which the misdemeanor is charged to have been committed. TEX. CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2005).[2] However, the language of article 11.09 is permissive, not mandatory. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987). District courts also have power to issue the writ of habeas corpus, TEX. CODE CRIM. PROC. ANN. 11.05 (Vernon 2005), and article 11.09 does not deprive them of jurisdiction to hear postconviction habeas corpus petitions in cases involving misdemeanors. *Onion*, 741 S.W.2d at 434.

Here, Davis assumes that mandamus is his only remedy because no other judge has been assigned to hear his habeas applications. But that is not so. His remedy is to file his applications for writ of habeas corpus in district court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05. Because

---

[2] Although this statute, by its plain language, seems to limit article 11.09 to pretrial situations, those convicted of misdemeanors may also seek habeas relief under the statute. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003); *Crosley*, 548 S.W.2d at 409-10; *Dahesh v. State*, 51 S.W.3d 300, 301-02 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).

2

he has not done so, Davis has not shown that he has no other remedy short of mandamus. Accordingly, Davis's petition for writ of mandamus is ***denied***.


    **BRIAN HOYLE**
Justice


Opinion delivered July 23, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)