NO. 07-09-0207-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 20, 2009
_____

IN RE JOEL L. HERNANDEZ, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF**
**MANDAMUS AND PROHIBITION**

By a petition for a writ of mandamus and prohibition, relator Joel L. Hernandez requests issuance of mandamus directing the Honorable Larry B. "Rusty" Ladd, Presiding Judge of the Lubbock County Court at Law No. 1, and Lubbock County, to conduct a "judicial inquiry" or hearing into the extension of his jail time pursuant to article 43.09 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 43.09 (Vernon 2007). *See also* Tex. R. App. P. 52.1. Relator also requests that we direct the trial court judge to act on his application for writ of habeas corpus. We will deny relator's petition.

Relator's petition states he currently is incarcerated in the Lubbock County Jail. Relator was convicted in the Lubbock County Court at Law No. 1 of the misdemeanor offense of assault-domestic violence. *See* Tex. Penal Code Ann. § 22.01(a) (Vernon 2007). He was sentenced to 365 days in jail and a fine and court costs in the amount of

$4309. This Court affirmed appellant's conviction on September 24, 2008. *See Hernandez v. State,* 280 S.W.3d 384 (Tex.App.–Amarillo 2008, no pet.). According to relator's petition, he filed an application for writ of habeas corpus with the trial court on May 26, 2009 asserting violations of his statutory and constitutional rights and requesting the trial court conduct a "judicial inquiry" as to his inability to pay the imposed fine and costs and his continued jail time pursuant to article 43.09. In response, relator asserts, the trial court sent him a letter informing him that the court was closed until June 22, 2009 and Judge Ladd was "on vacation."[1]

Thereafter, on June 24, relator filed his petition for writ of mandamus and prohibition with this Court, asking us to: (1) consider his petition on a "fast-track accelerated schedule;" (2) order respondents to file an accelerated reply to this petition; (3) order respondents to issue the writ process, requiring the Lubbock County District Attorney to file a reply to the writ application filed in the trial court; (4) order respondents to render a final writ decision following a mandatory evidentiary hearing; and (5) in the alternative, to transfer this case to the nearest county court at law in the event the trial court is "on vacation."

---

[1] Relator has not provided us a copy of the letter he says he received from the trial court. *See* Tex. R. App. P. 52.3(k) (requiring an appendix containing, among other items, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of"). Moreover, the copy of application for writ of habeas corpus relator has provided us bears no file-mark or other indication the application was filed. These procedural defects alone would require us to deny relator's petition. For purposes of this opinion, however, we will assume the accuracy of relator's statements concerning his filing of the application. Further, relator's petition fails to comply with appellate rule 52.3 in several other respects, in that it contains no table of contents, index of authorities, statement of the case, or statement of jurisdiction. Tex. R. App. P. 52.3.

A writ of prohibition directs a lower court to refrain from doing some act while a writ of mandamus commands a lower court to do some act. *In re Lambert*, 993 S.W.2d 123, 126 (Tex.App.–San Antonio 1999, orig. proceeding), *citing Tilton v. Marshall*, 925 S.W.2d 672, 676 n.4 (Tex.1996). Prohibition is an extraordinary proceeding and should be used sparingly. *Guerra v. Garza,* 987 S.W.2d 593, 594 (Tex.Crim.App.1999). Mandamus is an extraordinary remedy available only in limited circumstances, and not for grievances that may be addressed by other remedies. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).

As noted, relator's petition refers both to a writ of mandamus and writ of prohibition. A writ of prohibition has three principal functions: 1) preventing interference with higher courts in deciding a pending appeal; 2) preventing an inferior court from entertaining suits that would relitigate controversies already settled by the issuing court; and 3) prohibiting a trial court's action when it affirmatively appears the court lacks jurisdiction. *Humble Exploration Co., Inc. v. Walker,* 641 S.W.2d 941, 943 (Tex.App.–Dallas 1982, writ ref'd); *In re Staley,* No. 07-00-0467-CV, 2001 WL 25692 (Tex.App.–Amarillo 2001, orig. proceeding). A writ of prohibition issues only to prevent the threatened commission of a future act. *State ex rel. Rodriguez v. Onion,* 741 S.W.2d 433, 435 (Tex.Crim.App. 1987). Relator does not ask this Court for relief consistent with a request for a writ of prohibition, and his request for such a writ will be denied.

Turning to relator's petition for a writ of mandamus, relator states he filed his application for a writ of habeas corpus in the trial court on May 26 and the court had not acted on it by the time he filed his petition in this Court on June 24. Mandamus relief is authorized in a criminal case if the relator establishes that (1) he has no other adequate legal remedy and (2) the act sought to be compelled is purely ministerial. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex.Crim.App. 2003). Regarding the first requirement, there is no right to appeal in a misdemeanor case in which a trial judge refuses to issue a post-conviction writ of habeas corpus or to grant a hearing on the merits of the applicant's claim. *Ex parte Crosley,* 548 S.W.2d 409 (Tex.Crim.App.1977). In the current matter, it is unclear that the trial court has refused to rule or hold a hearing. Rather, it may be that the application has not been brought to the attention of the trial court.[2]

Even assuming relator's petition establishes appeal is not available to him, however, the unavailability of an appeal does not automatically make mandamus available. *See In re Piper,* 105 S.W.3d 107, 110-11 (Tex.App.–Waco 2003, orig. proceeding). In circumstances similar to those relator alleges, Texas courts have found the relator to have an adequate legal remedy by filing the application for writ of habeas corpus in another court having habeas jurisdiction. *See, e.g., In re Wiley,* No. 12-07-00167-CR, 2007 WL

---

[2] Relator filed a letter with his application in which he requested that the clerk "forward a copy to the Honorable Larry B. "Rusty" Ladd, Presiding Judge, for his decision." The letter to the clerk is not sufficient in itself to bring the matter to the attention of the trial court. *In re Solis,* No. 04-04-00050-CV, 2004 WL 1336266, 82 (Tex.App.–San Antonio June 16, 2004, orig. proceeding); *In re Heflin*, 04-03-00302-CV, 2003 WL 21012595, at *1 (Tex.App.–San Antonio, May 7, 2003, orig. proceeding) (merely filing the matter with the clerk is not sufficient to impute knowledge of the pending pleading to the trial court); *In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001, orig. proceeding) (holding same).

4

2178558 (Tex.App.–Tyler July 31, 2007, orig. proceeding); *Piper*, 105 S.W.3d at 110-11. *See also Onion*, 741 S.W.2d at 434 (district courts also have power to issue writ of habeas corpus, and Code of Criminal Procedure article 11.09 does not deprive them of that power in cases involving misdemeanors).[3] *See generally Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex.Crim.App. 2003).

Here, relator's petition is based on the assumption that a writ of mandamus issued by this Court is his only remedy. But the law provides another legal remedy, and relator has not shown it to be inadequate. *See, e.g., In re Altschul*, 236 S.W.3d 453, 456 (Tex.App.–Waco 2007, orig. proceeding) (distinguishing *Piper* and finding mandamus available). Accordingly, relator's petition for mandamus and prohibition both are denied.

James T. Campbell
Justice

---

[3] Article 11.05 of the Code of Criminal Procedure provides: "The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus; and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law." Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 2005).