

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00196-CR

EX PARTE ARTEMIO GOMEZ

On Appeal from the 106th District Court
Lynn County, Texas
Trial Court No. 16-04-07292, Honorable Carter T. Schildknecht, Presiding

October 20, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Artemio Gomez, appeals the dismissal of his writ of habeas corpus application by the district court. The district court dismissed the application, citing a lack of jurisdiction. Appellant appeals that decision. Finding that the district court had jurisdiction over the application for writ of habeas corpus, we reverse and remand for a hearing on the merits of the application.

### Factual and Procedural Background

Appellant contends that he was arrested on November 25, 2015, for the misdemeanor offense of terroristic threat. Further, appellant contends that the alleged incident did not occur in the presence of the arresting officer and that his arrest was

effectuated without the benefit of an arrest warrant. Next, appellant contends that he was released from jail the following day on a personal recognizance bond, as set by the municipal judge. The next business day, appellant contends that he went to the county attorney who advised appellant that he had been released on a personal recognizance bond because the charges were filed in the wrong court. The county attorney further advised appellant that charges could be filed any time within the following two years. After attempting to have the charge dismissed on the basis of a motion filed in the county court, appellant filed an application for a writ of habeas corpus with the district court. The district judge set appellant's application for writ of habeas corpus for a hearing and, following arguments by the district attorney's office, dismissed the application for want of jurisdiction. Appellant appeals the trial court's actions in dismissing the application for writ of habeas corpus for want of jurisdiction. We will reverse and remand the case back to the trial court to conduct a hearing on the merits of appellant's writ.

## Analysis

The record before the Court consists of the arguments made by the district attorney's representative that the trial court lacked jurisdiction to hear appellant's application for writ of habeas corpus. According to the record, the State argued that the Texas Code of Criminal Procedure vested jurisdiction in the county court to hear writs of habeas corpus on misdemeanor matters. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2015).[1] Article 11.09 provides, in relevant part, "If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the

---

[1] Further reference to the Texas Code of Criminal Procedure will be by reference to "Article ____," "article ____," or "art. ____."

misdemeanor is charged to have been committed." Art. 11.09.   According to the State, this means that the county judge has exclusive jurisdiction over appellant's application for writ.   Further, the State contends that this grant of jurisdiction to the county judge operates to deny jurisdiction over the application to the district court.

This analysis ignores the fact that appellant's application for the writ of habeas corpus explicitly states that it is being brought under Article 11.05.  *See* art. 11.05 (West 2015).  Article 11.05 provides, in pertinent part, that "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said courts, have power to issue the writ of habeas corpus."  Art. 11.05.  The Texas Court of Criminal Appeals has held that Article 11.05 entitles a district court to hear writs of habeas corpus on misdemeanors. *See State ex rel. Rodriguez v. Onion,* 741 S.W.2d 433, 434 (Tex. Crim. App. 1987) (en banc).   Likewise, the Fourth Court of Appeals reached the same conclusion.  *See Ex parte Haight,* No. 04-00-00696-CR, 2001 Tex. App. LEXIS 4876, at *2 (Tex. App.—San Antonio July 25, 2001, no pet.) (not designated for publication).

### Conclusion

Therefore, we hold that the district court had jurisdiction to hear the merits of appellant's application for writ of habeas corpus.  We sustain appellant's issue and remand to the district court for a hearing on the merits of appellant's application for writ of habeas corpus.

Mackey K. Hancock
Justice

Do not publish.

3