

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00093-CR

The **STATE** of Texas,
Appellant

v.

Marcos Hingino **RAMOS DE LA CRUZ**,
Appellee

From the 111th District Court, Webb County, Texas
Trial Court No. 2022CVJ001413D2
Honorable Jose A. Lopez, Judge Presiding

PER CURIAM

Sitting:     Rebeca Martinez, Chief Justice
             Irene Rios, Justice
             Velia Meza, Justice

Delivered and Filed: September 17, 2025

REVERSED AND RENDERED

        The State of Texas appeals the trial court's order granting the appellee's request for habeas

relief and dismissing the underlying criminal information. For the reasons stated below, we reverse

the judgment of the trial court and render judgment denying the appellee's application for pre-trial

habeas-corpus relief.

## BACKGROUND

Appellee, Marcos Hingino Ramos de la Cruz, was arrested in Webb County and charged by information with misdemeanor criminal trespass as a part of Operation Lone Star ("OLS"). The case was filed in the County Court at Law No. 11 and assigned case number 2022CRB000733Ll. Ramos de la Cruz subsequently filed a pretrial application for writ of habeas corpus in District Court Number 111th assigned case number 2022CVJ001413D2 before transferring to the 49th District Court. Ramos de la Cruz argued the State of Texas engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions.

On January 10, 2023, the district court issued an order stating the following:

> This Court conducted a hearing on MARCOS HINGINO RAMOS DE LA CRUZ's Application for Writ of Habeas Corpus. Having considered the application and the evidence presented, this Court holds that Mr. Ramos de la Cruz is entitled to relief on his claim of sex discrimination. He is "discharge[d]" and the information charging him with trespass in his criminal case is dismissed with prejudice. Tex. Code Crim. Proc. art. 11.44. The underlying criminal cause number is 2022CRB000733Ll in Webb County.

The state timely filed this notice to appeal.

## DISCUSSION

On appeal, the State of Texas argues the district court lacked jurisdiction to order the underlying criminal case dismissed. They further argue that Ramos de la Cruz's selective-prosecution claim is an as-applied challenge not cognizable in a pretrial habeas proceeding and that the trial court erred by granting the application for writ of habeas corpus.[1]

---

[1] The State also argues that Ramos de la Cruz's claim that he will be tried in absentia is improper, but as the State concedes, no relief was granted on this point, therefore we decline to address this. TEX. R. APP. P. 33.1.

*A. Standard of Review*

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd)*.* "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz*, 123 S.W.3d at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

*B. Jurisdiction*

The State argues that the district court lacked authority to dismiss the underlying criminal proceedings because the order cited to Texas Code of Criminal Procedure Article 11.44. We have already ruled on this issue in *State v. Rodriguez-Gomez*, 716 S.W.3d 702 (Tex. App.—San Antonio 2024, no pet.). Appellee Ramos de la Cruz properly filed his habeas application in the district court on October 16, 2022. Acts 1965, 59th R.S., ch. 722, 1965 Tex. Gen. Laws (amended 2023) (current version at Tex. R. Crim. P. 11.09); *see State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987) ("There is no grant of jurisdiction to the county courts which precludes a District Court from exercising its plenary power over issuance of writs of habeas corpus in misdemeanor actions."). "[W]e cannot infer, as argued in the State's first issue, that the district court lacked authority to dismiss the information because, even if the district court lacked authority to dismiss the information under Article 11.44 of the Code of Criminal Procedure, the district court could

have had authority to dismiss the information to remedy a constitutional violation." *Rodriguez-Gomez*, 716 S.W3d at 714 (citations omitted).

The State's other argument alleging the district court lacked jurisdiction because the writ did not formally issue with service on an officer with custody of Ramos de la Cruz also fails. "Because (1) formal issuance of a writ is not a jurisdictional requirement, (2) the State fails to argue or provide a record to show that it did not enter a general appearance in the trial court proceedings, that the trial court did not otherwise obtain personal jurisdiction over the State, or that it did not receive notice that the district court was considering [Ramos de la Cruz's] habeas application, and (3) the district court had, in effect, issued the writ when it granted relief on the merits of [Ramos de la Cruz's] application, we conclude that the district court did not lack jurisdiction based on any alleged failure of the district court to formally issue a writ." *Rodriguez-Gomez*, 716 S.W.3d at 717.

### *C. Cognizability*

The State, in its brief, argues that Ramos de la Cruz's selective prosecution claim is an as-applied challenge that is not cognizable in a pretrial writ of habeas corpus. Ramos de la Cruz, however, disputes this argument.

From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the Ramos de la Cruz's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). Accordingly, we conclude that Ramos de la Cruz's claim is cognizable.

*D. Selective Prosecution*

The State argues Ramos de la Cruz brought a selective enforcement claim, rather than a selective prosecution claim and thus the trial court abused its discretion by granting the application without evidence of prosecutorial discrimination. However, as the Court of Criminal Appeals has confirmed, "both selective prosecution and selective enforcement claims use the same Equal Protections standards derived from the same line of Supreme Court precedents." *Aparicio*, 707 S.W.3d 189 at 200. Thus, regardless of the label used by Ramos de la Cruz in his application, the analysis used by the Court is the same.

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Aparicio*, 707 S.W.3d at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by "'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id*. at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Aparicio*, 707 S.W.3d at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Aparicio*, 707 S.W.3d at 204.

**CONCLUSION**

The District Court had jurisdiction to issue the writ and render a ruling of dismissal of the underlying charges. However, because Ramos de la Cruz failed to establish the second prong of his selective prosecution claim, the trial court erred in granting his application for writ of habeas corpus. Accordingly, we reverse the trial court's judgment and render judgment denying Ramos de la Cruz's application for pretrial habeas corpus relief. We also dismiss any other pending motions as moot.

PER CURIAM

DO NOT PUBLISH