

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00165-CR

The **STATE** of Texas,
Appellant

v.

Gallardo **TIBURCIO-GREGORIO**,
Appellee

From the County Court At Law No 1, Webb County, Texas
Trial Court No. 2022CRB000731L1
Honorable Leticia Martinez, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Lori I. Valenzuela, Justice
              Velia J. Meza, Justice

Delivered and Filed: October 29, 2025

DISMISSED FOR WANT OF JURISDICTION

The State appeals the trial court's order dismissing the information charging the appellee,

Gallardo Tiburcio-Gregorio, with the misdemeanor offense of criminal trespass. For the reasons

set out below, we dismiss this appeal for want of jurisdiction.

## BACKGROUND

As part of OLS, Tiburcio-Gregorio, a noncitizen, was arrested in Webb County and charged by information with the misdemeanor offense of criminal trespass. The case was filed in Webb County Court at Law Number 1 and assigned cause number 2022CRB000731L1. Tiburcio-Gregorio then filed a pretrial application for writ of habeas corpus in the 49th District Court, which was assigned cause number 2022CVK001391D1.[1]

According to Tiburcio-Gregorio, on January 17, 2023, the district court held a hearing on his habeas petition in cause number 2022CVK001391D1 where it orally granted relief and dismissed the underlying county court proceedings.[2] On February 10, 2023, the county court held a hearing in cause number 2022CRB000731L1. At the hearing, Tiburcio-Gregorio's counsel informed the court that the district court had dismissed the county court case. The county court ordered Tiburcio-Gregorio to file the "requisite documents."

On February 24, 2023, the State filed its notice of appeal with the county clerk in cause number 2022CRB000731L1. In the notice, the State indicated that it "wishe[d] to appeal the trial court's order of February 10, 2023, granting the Defendant's writ/petition/motion for pretrial habeas corpus relief, as said order is an order dismissing a complaint and is appealable under Article 44.01(a)(1) of the Texas Code of Criminal Procedure."

On February 28, 2023, the district court issued the following order:

> This Court conducted a hearing on GALLARDO TIBURCIO GREGORIO's Application for Writ of Habeas Corpus. Having considered the application and the evidence presented, this Court holds that Mr. Tirburcio [sic] Gregorio is entitled to relief. He is "discharge[d]" and the information charging him with trespass in his criminal case is dismissed with prejudice. Tex. Code Crim. Proc. art. 11.44. The underlying criminal cause number is 2022CRB000731Ll in Webb County.

---

[1] The record does not contain a copy of Tiburcio-Gregorio's habeas application. However, the record does contain a copy of the district court's order granting habeas relief, which is quoted below.

[2] While the appellate record does not contain any documentation of the January 17, 2023 hearing, this date is asserted in Tiburcio-Gregorio's motion to dismiss in the county court.

On March 2, 2023, Tiburcio-Gregorio filed his motion to dismiss with the county court in cause number 2022CRB000731L1, asking the county court to dismiss the case because "the Webb County District Court granted the writ filed [sic] Mr. Tiburcio-Gregorio filed in Case No. 2022CVK001391D1 6267, and ordered this case, Case No. 2022CRB000731L1 8168, be dismissed with prejudice." The appellee included the district court's order dated February 28, 2023.

On March 7, 2023, the county court issued the following order: "Pursuant to the order from the Webb County District Court in Case No. 2022CVK001391Dl 6277, and having found good cause, this case is hereby dismissed with prejudice."

**ANALYSIS**

It is unclear from the State's Notice of Appeal whether it is attempting to appeal from the district court order granting relief, or the county court order dismissing the case. However, in briefing the State urges that "[i]t is from the Order of March 7, 2022 [sic], that the State is and has always intended to appeal." Therefore, based on the State's representation, we consider the State's appeal as only an appeal from the county court order of March 7, 2023, dismissing cause number 2022CRB000731L1 with prejudice.

*A. The District Court Had Jurisdiction and Authority to Dismiss the Information.*

On appeal, the State urges that the district court did not have jurisdiction to hear the appellee's habeas petition and order the underlying criminal case dismissed. It further argues that the claims the appellee presented in his habeas application are not cognizable.

This appeal is similar to the appeal brought forward by the State in *State v. Rodriguez-*

*Gomez*, 716 S.W.3d 702 (Tex. App.—San Antonio 2024, no pet.).[3] There, we held that the district court's grant of habeas relief and dismissal of the information in the county court with prejudice terminated the proceedings in the county court. *Id.* at 710–11 ("By dismissing the information pending in the county court with prejudice, the district court—if its order is valid—resolved the controversy between Rodriguez-Gomez and the State in the county court cause in Rodriguez-Gomez's favor, thereby resolving the controversy that formed the basis of the county court proceedings; terminated the proceedings in the county court; and extinguished the county court's jurisdiction over the criminal case against Rodriguez-Gomez.") (citations omitted). We further determined that based on Chapter 11 of the Texas Code of Criminal Procedure, as effective on the date on which the district court granted habeas relief,[4] the district court had jurisdiction to hear the petition. *Id*. at 711–12.

Tiburcio-Gregorio filed his habeas petition in the district court in January of 2023. District courts and county courts had concurrent jurisdiction over habeas proceedings in misdemeanor cases at the time of filing. *See State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434–35 (Tex. Crim. App. 1987); *Rodriguez-Gomez*, 716 S.W.3d at 711. Consistent with our opinion in

---

[3] On September 10, 2025, citing to *Rodriguez-Gomez*, we ordered the State to show cause why this appeal should not be dismissed for want of jurisdiction. The State responded that *Rodriguez-Gomez* was wrongly decided. Whether rightly or wrongly decided, we are bound by *Rodriguez-Gomez* by principles of horizontal *stare decisis*. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 (Tex. 2022) ("[T]hree-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision."); *see also Earl v. State*, No. 03-23-00427-CR, 2025 WL 1773011, at *4 (Tex. App.—Austin June 27, 2025, pet. filed). As discussed in *Rodriguez-Gomez*, we also are bound by principles of vertical *stare decisis*, which dictated our holding. *See State v. Rodriguez-Gomez*, 716 S.W.3d 702, 712 (Tex. App.—San Antonio 2024, no pet.) (citing *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987)); *see also In re Smith*, 665 S.W.3d 449, 457 n.33 (Tex. Crim. App. 2022) (not reaching question of whether abstention concerns, indicated by *Ex parte Valdez*, 489 S.W.3d 462 (Tex. Crim. App. 2016), might be applicable); *Valdez*, 489 S.W.3d at 465–66 (holding that before seeking habeas relief in the Texas Court of Criminal Appeals on a "Constitutional writ," *see* TEX. CODE CRIM. PROC. ANN. art. 11.05, an applicant must first seek relief at the trial level and avail himself of any appellate remedy); *Dewald v. State*, No. 07-24-00057-CR, 2025 WL 2233383, at *4 (Tex. App.—Amarillo Aug. 5, 2025, pet. filed); *Adams v. State*, 502 S.W.3d 238, 244 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd).
[4] The legislature revised Chapter 11 effective September 1, 2023. *See* Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722, *amended by* Act of June 18, 2023, 88th Leg., R.S., ch. 933, 2023 Tex. Sess. Law Serv. Ch. 933. Because the trial court exercised jurisdiction prior to the amendments, we apply the chapter as it existed before amendment. *See Rodriguez-Gomez*, 716 S.W.3d at 712 n.5

*Rodriguez-Gomez*, we hold that the district court here likewise had jurisdiction to hear the habeas petition. 716 S.W.3d at 711–12.

As to the cognizability of Tiburcio-Gregorio's habeas claims, even if we could reach the matter, our appellate record does not include the necessary information for us to determine the issue. In appellate briefing, the State acknowledges that the record does not contain a copy of Tiburcio-Gregorio's habeas petition or any documentation about the habeas hearing.[5] Without a record of the habeas application, we are unable to determine whether the claims presented are cognizable. *Id.* at 713–14 ("By failing to provide us with, at minimum, a copy of the habeas application and a copy of any hearing on the application, the State has failed to provide us with a sufficient record to determine whether the district court had authority to dismiss the information or whether Rodriguez-Gomez's claims were cognizable, because the record neither shows what or how many claims Rodriguez-Gomez asserted in his habeas application nor what evidence was provided to the trial court.").

We will presume regularity and correctness of the actions of the trial court. *Cf. Ex parte Day*, 127 Tex. Crim. 561, 78 S.W.2d 630 (1935) ("In the absence of some sufficient reason for holding to the contrary, it becomes the duty of this court to presume the regularity and legality of the actions of trial courts."); *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975) ("It is a cardinal rule of appellate procedure in this State that we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court."); *Breazeale v. State*,

---

[5] The county clerk filed a supplemental clerk's record with our court on August 14, 2025, which contains the docket sheet and some filings made with the district clerk in the habeas proceeding. The State objected to the filing of the record because the filings made with the district clerk were not made part of the record with the county clerk for the county court's consideration in the underlying criminal matter. Tiburcio-Gregorio has not responded to the State's motion. *See* TEX. R. APP. P. 10.3(a). We grant the State's motion to strike and, consequently, do not consider the supplemental clerk's record. *See Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) ("While the record may be supplemented under the appellate rules if something has been omitted, the supplementation rules cannot be used to create new evidence. Moreover, an appellate court's review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling.").

683 S.W.2d 446, 450 (Tex. Crim. App. 1984) ("The presumption of regularity created by recitals in the judgment can be overcome only when the record otherwise affirmatively reflects that error occurred."). Thus, we cannot infer, as the State argues, that Tiburcio-Gregorio failed to raise at least one cognizable ground for habeas relief before the district court or that the district court otherwise lacked authority to dismiss the information. *See Rodriguez-Gomez*, 716 S.W.3d at 714.

Based on the record before this court and the presumption of regularity of trial court proceedings, we hold that the district court had jurisdiction and authority to dismiss the information against Tiburcio-Gregorio. *See id.* at 714–15.[6]

*B. The County Court's Order Dismissing the Information Was Void.*

On January 17, 2023, the district court granted habeas relief to Tiburcio-Gregorio in cause number 2022CVK001391D1. The order dismissed the information pending in county court cause number 2022CRB000731L1 with prejudice. The order dismissing the information terminated the proceedings in the county court and extinguished the county court's jurisdiction over the criminal case against Tiburcio-Gregorio. *See Rodriguez-Gomez*, 716 S.W.3d at 717. Because the county court lacked jurisdiction over the criminal proceedings, the order issued by the county court on March 7, 2023, purporting to dismiss the action is a nullity and void. *See id.* at 717–18.

The State is thus attempting to appeal from a void order. When a court continues to act after it loses jurisdiction, the remedy is to return the parties to the position they were in before the trial court's actions. *Id.* at 718. Accordingly, we **DECLARE** the county court's order in

---

[6] The State has confirmed in its briefing that it is not appealing the district court's order. Thus, as in *Rodriguez-Gomez*, we consider only concerns that would render the district court's order void. *See Rodriguez-Gomez*, 716 S.W.3d at 712 n.6. The State also did not pursue mandamus relief against the district court. *Cf. Ex parte Curipoma*, 691 S.W.3d 592, 611 (Tex. Crim. App. 2024) (Keller, P.J., dissenting) (highlighting availability of "a writ of mandamus or prohibition to compel a foreign trial court to dismiss a habeas action that should not be before it."); *In re Smith*, 665 S.W.3d 449, 461 (Tex. Crim. App. 2022) (granting writ of prohibition to require Travis County district court to refrain from resolving the merits of habeas applications for misdemeanor cases arising in Kinney County).

2022CRB000731L1 dismissing the information against Tiburcio-Gregorio void, leaving the district court's order in 2022CVK001391D1 dismissing the information intact.

## CONCLUSION

The district court had jurisdiction to hear the habeas petition filed by Tiburcio-Gregorio and order the underlying criminal charge dismissed. Once the information was dismissed, no controversy remained between the State and Tiburcio-Gregorio. The county court's order dismissing the case from which the State is attempting to appeal is therefore void. Accordingly, we have no jurisdiction over the State's attempted appeal. We therefore **DISMISS** this appeal for want of jurisdiction.

PER CURIAM

DO NOT PUBLISH