Ex parte Andre Augusta CROSLEY.

No. 54339.

Court of Criminal Appeals of Texas.

March 23, 1977.

Randall L. Freedman, Dallas, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an attempt to appeal from the action of the trial court. The trial court refused to issue a writ of habeas corpus and refused to hear the application for the writ in which the applicant alleges that a misdemeanor judgment of conviction is void. No appeal lies from the court's action. See e. g. *Nichlos v. State*, 158 Tex.Cr.R. 367, 255 S.W.2d 522 (1953); *Mayes v. State*, 538 S.W.2d 637 (Tex.Cr.App.1976). Since this is not a felony conviction, the habeas corpus proceeding is not governed by the provisions of Article 11.07, V.A.C.C.P., and this Court will not take original jurisdiction of the writ. See *Ex parte Phelper*, 433 S.W.2d 897 (Tex.Cr.App.1968).

Both county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of misdemeanor convictions; see Article 5, Section 8 of the Constitution of Texas; Articles 11.05 and 11.09, V.A.C.C.P., and petitioners have a right of appeal from an order denying relief. See *Ex parte Phelper*, supra; *Mayes v. State*, supra.

**410**

We observe that the appellant's sworn application contains allegations of fact which if true would show the appellant's misdemeanor conviction is void. It is alleged that the appellant, while indigent, while unrepresented by counsel, and without waiving his right to counsel, was convicted for the offense of theft, and punishment was assessed which included confinement in jail. Even though the applicant may have been discharged from confinement, collateral legal consequences of his conviction may entitle him to relief. See *Ex parte Burt*, 499 S.W.2d 109 (Tex.Cr.App. 1973); *Ex parte Langston*, 510 S.W.2d 603 (Tex.Cr.App.1974); *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); cf. *Fouke v. State*, 529 S.W.2d 772 (Tex.Cr.App.1975). The applicant is entitled to have a hearing on the allegations which he has made. See *Ex parte Phelper*, 442 S.W.2d 695 (Tex.Cr.App.1969).

The appeal is dismissed.

Opinion approved by the Court.