# NO. 12-09-00172-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE: CURTIS ANTONIO DAVIS,* *RELATOR* | § | |
| | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Curtis Antonio Davis appeals from an order denying relief on his application for writ of habeas corpus. He raises three issues on appeal. We affirm.

### BACKGROUND

In 2008, Appellant filed with the trial court a document entitled "Misdemeanor Application for a Writ of Habeas Corpus." In the application, he alleged that, while acting on the advice of counsel, he pleaded guilty to two misdemeanor offenses in 1987 and received community supervision.[1] He alleged further in the application that the pleas were involuntary because his counsel did not inform him that the pleas could be used against him in his pending murder trial. The same attorney represented him in that proceeding. The trial court denied Appellant's application, concluding that it lacked jurisdiction over Appellant's habeas claim and that Appellant failed to show that he was restrained by the two prior misdemeanor convictions. Accordingly, Appellant timely appealed.

### JURISDICTION

In his second issue, Appellant contends that the trial court erred in ruling that it was without jurisdiction to grant habeas relief.

---

[1] Other than Appellant's affidavit, the record before us does not contain any evidence supporting that Appellant was convicted of the two 1987 misdemeanor offenses.

**Applicable Law**

A person confined on a misdemeanor charge may seek a writ of habeas corpus from the county judge of the county in which the misdemeanor is charged to have been committed. TEX. CODE CRIM. PROC. ANN. art. 11.09 (Vernon 2005).[2] However, the language of article 11.09 is permissive, not mandatory. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987). District courts also have power to issue the writ of habeas corpus, and article 11.09 does not deprive them of jurisdiction to hear postconviction habeas corpus applications in misdemeanor cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005); *Onion*, 741 S.W.2d at 434. In other words, both county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of misdemeanor convictions. *Ex parte Crosley*, 548 S.W.2d 409, 409 (Tex. Crim. App. 1977). When the court in which the application was filed denies the writ, the applicant can present his application to another court having jurisdiction. *Mayes v. State*, 538 S.W.2d 637, 639 n.1 (Tex. Crim. App. 1976).

**Discussion**

Appellant originally filed his application for writ of habeas corpus in the county court at law in Smith County, which was the convicting court. The judge of the convicting court and the judge of another county court at law recused themselves due to a conflict of interest. The application was then transferred to the remaining county court at law in Smith County, which ultimately dismissed the application without a hearing. Appellant then attempted to waive the conflicts of the other two county courts at law, but the waiver was denied. Later, Appellant filed a petition for writ of mandamus with this court, contending that in refusing to grant the waiver, he was deprived of a remedy at law. *See In re Davis*, No. 12-08-00274-CR, 12-08-00275-CR, 2008 WL 2814836 (Tex. App.—Tyler July 23, 2008, no pet.) (mem. op., not designated for publication). We denied mandamus because Appellant could have filed his petition in a district court, due to the concurrent jurisdiction of county courts and district courts in misdemeanor postconviction habeas corpus cases. *Id.* at *1-2. Appellant then filed his application in the 241st Judicial District Court, as he was authorized to do.

---

[2] Although this statute, by its plain language, seems to limit article 11.09 to pretrial situations, those convicted of misdemeanors may also seek habeas relief under the statute. *See Ex parte Schmidt*, 109 S.W.3d 480, 481 (Tex. Crim. App. 2003); *Crosley*, 548 S.W.2d at 409-10; *Dahesh v. State*, 51 S.W.3d 300, 301-02 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd).

The State contends that Appellant was required to file the application in the 7th Judicial District Court, which is the court in which he was convicted of murder. Therefore, the State argues that, pursuant to article 11.07 of the code of criminal procedure, Appellant failed to file the application for habeas corpus "with the clerk of the court in which the conviction being challenged was obtained." TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(b) (Vernon Supp. 2009). However, Appellant challenges the misdemeanor convictions, not his murder conviction. Moreover, because the two convictions are not felony convictions, the habeas corpus proceeding is not governed by the provisions of article 11.07 of the Texas Code of Criminal Procedure. *See id.* art. 11.07, §§ 1, 3(b) (providing that art. 11.07 applies to felony convictions); *Ex parte Crosley*, 548 S.W.2d at 409. Therefore, Appellant could have filed his habeas application in any Smith County district court. *See Ex parte Crosley*, 548 S.W.2d at 409. Consequently, the 241st Judicial District Court in Smith County had jurisdiction to grant habeas relief. Appellant's second issue is sustained.

### FAILURE TO SHOW RESTRAINT

In his first issue, Appellant contends that the trial court erred in concluding he failed to show that he was restrained by the two 1987 misdemeanor convictions.

**Standard of Review**

Generally, we review a trial court's decision to grant or deny relief on a writ of habeas corpus for abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). When reviewing a trial court's fact findings, we afford almost total deference to those findings when they are based on an assessment of credibility and demeanor. *Ex parte White*, 160 S.W.3d 46, 50 (Tex. Crim. App. 2004). Additionally, we will generally accept a trial court's findings of fact when they are supported by the record. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). However, we review a trial court's conclusions of law de novo. *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005).

In a habeas case, the applicant bears the burden of proving facts that would entitle him to relief and ensuring that a sufficient record is presented to show error requiring reversal. *See Ex parte Chandler*, 182 S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005); *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). Delay in seeking habeas corpus relief may prejudice the credibility of the applicant's claim. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We view the record evidence in the light most

favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Id.* We must affirm a trial court's ruling if it is correct under any theory of law applicable to the case even if the trial court gives the wrong reason for its ruling. *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

## Applicable Law

A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *Ex parte Rinkevich*, 222 S.W.3d 900, 902 (Tex. App.—Dallas 2007, no pet.).

An applicant seeking habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d at 664. To obtain habeas relief for a claim of ineffective assistance of trial counsel, an applicant must meet the two part test established by the United States Supreme Court in *Strickland v. Washington*. *See Ex parte White*, 160 S.W.3d at 49 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)). Under the first part of the *Strickland* test, an applicant must demonstrate "that counsel's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). If an applicant demonstrates deficient performance, he must satisfy the second part of the *Strickland* test, which requires a showing of resulting prejudice. *Id.* To prove prejudice, an applicant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

## Discussion

Appellant argues that he suffered collateral legal consequences from pleading guilty to the two misdemeanors. Specifically, Appellant alleges that in 1987 he had been charged with three crimes: two misdemeanors and a murder charge. The same attorney represented Appellant in all three cases. Appellant claims that his counsel advised him to plead guilty to the two misdemeanor cases in exchange for community supervision, but failed to advise Appellant that the guilty pleas could be used against him in his pending murder trial. Appellant alleges that the misdemeanors were used against him in his murder trial, and that the convictions contributed to his sentence. Appellant apparently

was convicted for murder.[3]  The lack of disclosure as to the consequences of his guilty pleas, Appellant argues, constitutes ineffective assistance of counsel and renders his pleas to the misdemeanors involuntary.  In turn, Appellant argues that because he was unaware of the effect of his plea due to ineffective assistance of counsel, he suffered the collateral legal consequence that the convictions were used against him in his murder trial, resulting in a longer sentence.

In support of his contention, Appellant offered two pieces of evidence: a letter from his deceased trial counsel and his own affidavit.  The letter from Appellant's deceased trial counsel reads as follows:

> I have read your communication.  As these matters occurred twenty years ago, and [sic] I have no independent recollection in regard to the matter.  I feel certain that whatever disposition transpired at the misdemeanor hearings was with your full consent and approval after we had a full discussion of the law in regard to the matters.
> As I have no independent recollection of the matters referred to in your letter as referenced above, an affidavit would be improper because an affidavit is given under oath that the contents are true and correct.

This letter does not establish that Appellant's deceased trial counsel advised him to plead guilty to the two misdemeanors.  Moreover, Appellant's unsupported affidavit claiming that he was misinformed by his counsel as to the consequences of his guilty plea, standing alone, is insufficient to meet his burden.  *See Pena v. State*, 132 S.W.3d 663, 669 (Tex. App.—Corpus Christi 2004, no pet.); *see also Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Appellant presented no evidence that the misdemeanor convictions were admitted in his murder trial or that the convictions contributed to his sentencing in the murder trial.  We have no reporter's record or clerk's record from the two misdemeanor cases or the murder trial.  Without any evidence, other than Appellant's unsupported affidavit, we cannot conclude on the record before us that his counsel failed to advise him of the consequences of his guilty pleas.  Consequently, we cannot conclude that the pleas were involuntary based on ineffective assistance of counsel.  *See Ex parte Chandler*, 182 S.W.3d at 353 n.2; *Ex parte Gutierrez*, 987 S.W.2d 227, 230 (Tex. App.—Austin 1999, pet. ref'd).  Therefore, Appellant failed to meet his burden to demonstrate a basis for habeas corpus relief, and the trial court did not abuse its discretion by denying his habeas application.  Appellant's first issue is overruled.

---

[3] Appellant's affidavit is the only evidence in the record in this appeal demonstrating that Appellant was found guilty of murder.

Since Appellant failed to establish his entitlement to habeas relief, we need not address Appellant's third issue relating to the State's laches argument.[4]  *See* TEX. R. APP. P. 47.1.

**DISPOSITION**

We ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 10, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[4] The trial court did not rule on the laches argument.