NO









NO. 12-09-00172-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

                                                                             '     

EX PARTE: CURTIS ANTONIO
DAVIS,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 

 





                                                      MEMORANDUM
OPINION

Curtis
Antonio Davis appeals from an order denying relief on his application for writ
of habeas corpus.  He raises three issues on appeal.  We affirm.

 

Background

            In
2008, Appellant filed with the trial court a document entitled “Misdemeanor
Application for a Writ of Habeas Corpus.”  In the application, he alleged that,
while acting on the advice of counsel, he pleaded guilty to two misdemeanor
offenses in 1987 and received community supervision.[1] 
He alleged further in the application that the pleas were involuntary because
his counsel did not inform him that the pleas could be used against him in his
pending murder trial.  The same attorney represented him in that proceeding. 
The trial court denied Appellant’s application, concluding that it lacked
jurisdiction over Appellant’s habeas claim and that Appellant failed to show
that he was restrained by the two prior misdemeanor convictions.  Accordingly,
Appellant timely appealed. 

Jurisdiction

            In
his second issue, Appellant contends that the trial court erred in ruling that
it was without jurisdiction to grant habeas relief.

 

 

Applicable
Law

A
person confined on a misdemeanor charge may seek a writ of habeas corpus from
the county judge of the county in which the misdemeanor is charged to have been
committed.  Tex. Code Crim. Proc. Ann. art.
11.09 (Vernon 2005).[2]
 However, the language of article 11.09 is permissive, not mandatory.  State
ex rel. Rodriguez v. Onion, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987).
 District courts also have power to issue the writ of habeas corpus, and
article 11.09 does not deprive them of jurisdiction to hear postconviction
habeas corpus applications in misdemeanor cases.  See Tex. Code Crim. Proc. Ann. art. 11.05
(Vernon 2005); Onion, 741 S.W.2d at 434.  In other words, both
county and district courts have original jurisdiction in habeas corpus
proceedings when attacks are made upon the validity of misdemeanor convictions.
 Ex parte Crosley, 548 S.W.2d 409, 409 (Tex. Crim. App. 1977).  When
the court in which the application was filed denies the writ, the applicant can
present his application to another court having jurisdiction.  Mayes v.
State, 538 S.W.2d 637, 639 n.1 (Tex. Crim. App. 1976).

Discussion

Appellant
originally filed his application for writ of habeas corpus in the county court
at law in Smith County, which was the convicting court.  The judge of the
convicting court and the judge of another county court at law recused
themselves due to a conflict of interest.  The application was then transferred
to the remaining county court at law in Smith County, which ultimately dismissed
the application without a hearing.  Appellant then attempted to waive the
conflicts of the other two county courts at law, but the waiver was denied. 
Later, Appellant filed a petition for writ of mandamus with this court,
contending that in refusing to grant the waiver, he was deprived of a remedy at
law.   See In re Davis, No. 12-08-00274-CR, 12-08-00275-CR, 2008
WL 2814836 (Tex. App.—Tyler July 23, 2008, no pet.) (mem. op., not designated
for publication).  We denied mandamus because Appellant could have filed his
petition in a district court, due to the concurrent jurisdiction of county
courts and district courts in misdemeanor postconviction habeas corpus cases.  Id.
at *1-2.  Appellant then filed his application in the 241st Judicial District
Court, as he was authorized to do. 

The
State contends that Appellant was required to file the application in the 7th
Judicial District Court, which is the court in which he was convicted of
murder.  Therefore, the State argues that, pursuant to article 11.07 of the
code of criminal procedure, Appellant failed to file the application for habeas
corpus “with the clerk of the court in which the conviction being challenged
was obtained.”  Tex. Code Crim. Proc.
Ann. art. 11.07, § 3(b) (Vernon Supp. 2009).  However, Appellant
challenges the misdemeanor convictions, not his murder conviction.  Moreover, because
the two convictions are not felony convictions, the habeas corpus proceeding is
not governed by the provisions of article 11.07 of the Texas Code of Criminal
Procedure.  See id. art. 11.07, §§ 1, 3(b) (providing that art.
11.07 applies to felony convictions); Ex parte Crosley, 548
S.W.2d at 409.  Therefore, Appellant could have filed his habeas application in
any Smith County district court.  See Ex parte Crosley, 548
S.W.2d at 409.   Consequently, the 241st Judicial District Court
in Smith County had jurisdiction to grant habeas relief.  Appellant’s second
issue is sustained.

 

Failure to Show Restraint

In
his first issue, Appellant contends that the trial court erred in concluding he
failed to show that he was restrained by the two 1987 misdemeanor convictions. 

Standard
of Review

Generally,
we review a trial court’s decision to grant or deny relief on a writ of habeas
corpus for abuse of discretion.  Ex parte Wheeler, 203 S.W.3d
317, 324 (Tex. Crim. App. 2006).  When reviewing a trial court’s fact findings,
we afford almost total deference to those findings when they are based on an
assessment of credibility and demeanor.  Ex parte White, 160
S.W.3d 46, 50 (Tex. Crim. App. 2004).  Additionally, we will generally accept a
trial court’s findings of fact when they are supported by the record.  Ex
parte Amezquita, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006).  However, we
review a trial court’s conclusions of law de novo.  Ex parte Brown,
158 S.W.3d 449, 453 (Tex. Crim. App. 2005).

In
a habeas case, the applicant bears the burden of proving facts that would
entitle him to relief and ensuring that a sufficient record is presented to
show error requiring reversal.  See Ex parte Chandler, 182
S.W.3d 350, 353 n.2 (Tex. Crim. App. 2005); Ex parte Kimes, 872
S.W.2d 700, 703 (Tex. Crim. App. 1993).  Delay in seeking habeas corpus relief
may prejudice the credibility of the applicant’s claim.  Kniatt v. State,
206 S.W.3d 657, 664 (Tex. Crim. App. 2006).  We view the record evidence in the
light most favorable to the trial court’s ruling and must uphold that ruling
absent an abuse of discretion.  Id.  We must affirm a trial
court’s ruling if it is correct under any theory of law applicable to the case
even if the trial court gives the wrong reason for its ruling.  See Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

Applicable
Law

A
defendant convicted of a misdemeanor offense may attack the validity of the
conviction by way of habeas corpus if he is either (1) confined or restrained
as a result of a misdemeanor charge or conviction or (2) is no longer confined,
but is subject to collateral legal consequences resulting from the conviction. 
Ex parte Rinkevich, 222 S.W.3d 900, 902 (Tex. App.—Dallas 2007,
no pet.).  

An
applicant seeking habeas corpus relief on the basis of an involuntary guilty
plea must prove his claim by a preponderance of the evidence.  Kniatt v.
State, 206 S.W.3d at 664.  To obtain habeas relief for a claim of
ineffective assistance of trial counsel, an applicant must meet the two part
test established by the United States Supreme Court in Strickland v.
Washington.  See Ex parte White, 160 S.W.3d at 49 (citing
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984)).  Under the first part of the Strickland
test, an applicant must demonstrate “that counsel’s performance was deficient,
i.e., that his assistance fell below an objective standard of reasonableness.” 
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  If
an applicant demonstrates deficient performance, he must satisfy the second
part of the Strickland test, which requires a showing of
resulting prejudice.  Id.  To prove prejudice, an applicant “must
show a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceeding would have been different.”  Id.

Discussion

Appellant
argues that he suffered collateral legal consequences from pleading guilty to
the two misdemeanors.  Specifically, Appellant alleges that in 1987 he had been
charged with three crimes: two misdemeanors and a murder charge.  The same
attorney represented Appellant in all three cases.  Appellant claims that his
counsel advised him to plead guilty to the two misdemeanor cases in exchange
for community supervision, but failed to advise Appellant that the guilty pleas
could be used against him in his pending murder trial.  Appellant alleges that
the misdemeanors were used against him in his murder trial, and that the
convictions contributed to his sentence.  Appellant apparently was convicted
for murder.[3] 
The lack of disclosure as to the consequences of his guilty pleas, Appellant
argues, constitutes ineffective assistance of counsel and renders his pleas to
the misdemeanors involuntary.  In turn, Appellant argues that because he was
unaware of the effect of his plea due to ineffective assistance of counsel, he
suffered the collateral legal consequence that the convictions were used
against him in his murder trial, resulting in a longer sentence.

In
support of his contention, Appellant offered two pieces of evidence: a letter
from his deceased trial counsel and his own affidavit.  The letter from
Appellant’s deceased trial counsel reads as follows:

 

I have read your communication.  As these matters
occurred twenty years ago, and [sic] I have no independent recollection in
regard to the matter.  I feel certain that whatever disposition transpired at
the misdemeanor hearings was with your full consent and approval after
we had a full discussion of the law in regard to the matters.

                As I have no independent recollection
of the matters referred to in your letter as referenced above, an affidavit
would be improper because an affidavit is given under oath that the contents
are true and correct.

 

This letter does
not establish that Appellant’s deceased trial counsel advised him to plead
guilty to the two misdemeanors.  Moreover, Appellant’s unsupported affidavit
claiming that he was misinformed by his counsel as to the consequences of his
guilty plea, standing alone, is insufficient to meet his burden.  See Pena
v. State, 132 S.W.3d 663, 669 (Tex. App.—Corpus Christi 2004, no pet.);
see also Tabora v. State, 14 S.W.3d 332, 336 (Tex. App.—Houston
[14th Dist.] 2000, no pet.).  

            Appellant
presented no evidence that the misdemeanor convictions were admitted in his
murder trial or that the convictions contributed to his sentencing in the
murder trial.  We have no reporter’s record or clerk’s record from the two
misdemeanor cases or the murder trial.  Without any evidence, other than
Appellant’s unsupported affidavit, we cannot conclude on the record before us
that his counsel failed to advise him of the consequences of his guilty pleas. 
Consequently, we cannot conclude that the pleas were involuntary based on
ineffective assistance of counsel.  See Ex parte Chandler, 182
S.W.3d at 353 n.2; Ex parte Gutierrez, 987 S.W.2d 227, 230 (Tex. App.—Austin
1999, pet. ref'd).  Therefore, Appellant failed to meet his burden to
demonstrate a basis for habeas corpus relief, and the trial court did not abuse
its discretion by denying his habeas application.  Appellant’s first issue is
overruled. 

Since
Appellant failed to establish his entitlement to habeas relief, we need not
address Appellant’s third issue relating to the State’s laches argument.[4] 
See Tex. R. App. P. 47.1.

 

Disposition

We
affirm the judgment of the trial court. 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

Opinion delivered March 10, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                [1]
 Other than Appellant’s affidavit, the record before us does not contain any evidence
supporting that Appellant was convicted of the two 1987 misdemeanor offenses. 

 





                [2]  Although this statute, by its plain language, seems
to limit article 11.09 to pretrial situations, those convicted of misdemeanors
may also seek habeas relief under the statute.  See Ex parte Schmidt,
109 S.W.3d 480, 481 (Tex. Crim. App. 2003); Crosley, 548 S.W.2d
at 409-10; Dahesh v. State, 51 S.W.3d 300, 301-02 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref'd).





                [3]
Appellant’s affidavit is the only evidence in the record in this appeal
demonstrating that Appellant was found guilty of murder. 





                [4]
The trial court did not rule on the laches argument.