

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00979-CR

**EX PARTE** Jose Jaime **DE HOYOS**

From the County Court, Maverick County, Texas
Trial Court No. 3684
Honorable David R. Saucedo, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: August 14, 2019

REVERSED AND RENDERED

The State of Texas appeals the county court's order granting the application for writ of habeas corpus filed by Jose Jaime De Hoyos in the underlying cause. The State asserts the county court was without jurisdiction to grant the relief, and, alternatively, the record does not support the factual findings made by the county court. We reverse the county court's order and render judgment dismissing the application for writ of habeas corpus without prejudice to De Hoyos filing the application with the district clerk.

## BACKGROUND

Pursuant to a plea bargain agreement, De Hoyos pled guilty to a misdemeanor offense of possession of marijuana.[1]  On July 25, 2005, he was sentenced to one year confinement in county jail; however, his sentence was suspended, and he was placed on two years of community supervision.  The judgment was signed by Judge Amado J. Abascal, III as presiding judge of the 365th Judicial District Court of Maverick County, Texas.

On November 16, 2018, De Hoyos filed an application for writ of habeas corpus and motion to withdraw his plea.  De Hoyos styled his application for filing in the Constitutional County Court of Maverick County, Texas and filed his application with the county clerk of Maverick County.  The application states jurisdiction was proper in the county court pursuant to article 11.09 of the Texas Code of Criminal Procedure.  The application requests relief based on De Hoyos's attorney erroneously advising him the misdemeanor conviction would not cause him to be deported from the United States even though he was a Mexican national residing in the United States as a lawful permanent resident.  At the time the application was filed, De Hoyos was in the custody of the Department of Homeland Security facing removal because of his conviction.

On November 27, 2018, the county court signed an order granting the writ and declaring De Hoyos's plea null and void.

On November 29, 2018, the district attorney of Maverick County filed a response on behalf of the State asserting De Hoyos was required to file his application for writ of habeas corpus with the district clerk of Maverick County because his application was governed by article 11.072 of the Texas Code of Criminal Procedure.  On November 30, 2018, the county attorney of Maverick County filed an objection to the application on behalf of the State asserting the same jurisdictional

---

[1] De Hoyos was charged with a state jail felony offense, but he agreed to plead guilty to the lesser included misdemeanor offense.

argument. That same day, the county attorney also filed a second objection stating he "became aware" of the application through a fax he received from De Hoyos's attorney "between the hours of 11:43 a.m. and 12:50 p.m." on November 27, 2018.[2] Although the certificate of service showed the county attorney was personally served on November 16, 2018, the county attorney stated no one in his office was personally served. On December 6, 2018, the county attorney timely filed a notice of appeal on behalf of the State.

## DISCUSSION

"The plain language of Article I, Section 12 to Texas Constitution gives the Legislature the authority to define the scope of a court's original habeas jurisdiction." *Ex parte Villanueva*, 252 S.W.3d 391, 396 (Tex. Crim. App. 2008); *see also* TEX. CONST. art. I, § 12 ("The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."). "Thus, short of suspending the writ, the Legislature may regulate how a court exercises its original habeas jurisdiction by enacting particular procedural mechanisms that govern the submission and presentation of an application for writ of habeas corpus." *Ex parte Villanueva*, 252 S.W.3d at 396. "When an application [for writ of habeas corpus] is presented in compliance with the statutory procedural requirements fixed by the Legislature, the judiciary, in the exercise of its core functions, is then responsible for resolving the merits of an applicant's substantive claims." *Id*. at 396-97.

As De Hoyos asserts in his brief, "[b]oth county and district courts have original jurisdiction in habeas corpus proceedings when attacks are made upon the validity of misdemeanor convictions." *Ex parte Crosley*, 548 S.W.2d 409, 409 (Tex. Crim. App. 1977); *see also* TEX. CODE

---

[2] The county court's order was file stamped on November 27, 2018 at 02:26:56 p.m. We note article 11.072 permits the state to file an answer to an application for writ of habeas corpus within thirty days after it is served with a copy of the application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 5(b),(c).

CRIM. PROC. ANN. arts. 11.05, 11.09. However, article 11.072 of the Texas Code of Criminal Procedure, enacted by the Legislature in 2003, "establishes the habeas corpus procedures by which an applicant who is convicted of a crime and placed on community supervision can challenge the validity of either the conviction or the conditions of community supervision." *Ex parte Salazar*, 510 S.W.3d 619, 625 (Tex. App.—El Paso 2016, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."). "Before Article 11.072 came into effect, Article V, Section 8 of the Texas Constitution provided the only avenue through which an individual serving a term of community supervision or who completed a term of community supervision could pursue habeas relief." *Ex parte Villanueva*, 252 S.W.3d at 396.

Section 2(a) of article 11.072 states, "An application for a writ of habeas corpus under this article ***must*** be filed with the clerk of the court in which community supervision was imposed." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(a) (emphasis added). Therefore, in this case, article 11.072 mandates that De Hoyos's application be filed with the district clerk because the 365th Judicial District Court imposed the community supervision. *See id.*; *see also Ex parte Herod*, No. 01-15-00494-CR, 2016 WL 1470079, at *3 (Tex. App.—Houston [1st Dist.] Apr. 14, 2016, no pet.) (not designated for publication) (contrasting mandatory language regarding location where application must be filed under article 11.072 with permissive language in article 11.09); *Ex parte Paselk*, No. 06-14-00099-CR, 2014 WL 4922981, at *2 (Tex. App.—Texarkana Oct. 1, 2014, pet. ref'd) (not designated for publication) (holding petition for habeas relief was improperly filed in the district court as opposed to county court at law which was court in which community supervision was imposed). Because De Hoyos filed his application with the county clerk, instead

of the district clerk, we sustain the State's first issue.  Because the State's first issue is dispositive of the appeal, we do not address its second issue.  TEX. R. APP. P. 47.1.

<b>CONCLUSION</b>

Because the 365th Judicial District Court imposed De Hoyos's community supervision, De Hoyos was required to file his application for writ of habeas corpus with the district clerk; therefore, the county court lacked jurisdiction to rule on the application he filed with the county clerk.  Accordingly, we reverse the county court's order and render judgment dismissing De Hoyos's application for writ of habeas corpus without prejudice to De Hoyos filing the application with the district clerk.

Irene Rios, Justice

DO NOT PUBLISH