NO. 06-15-00056-CR

RECEIVED IN
The Court of Appeals
Sixth District

APR 2 0 2015

Texarkana, Texas
Debra Autrey, Clerk

IN THE SIXTH DISTRICT

COURT OF APPEALS OF TEXAS

FILED IN
The Court of Appeals
Sixth District

'APR 2 8 2015

Texarkana, Texas
Debra K. Autrey, Clerk

BILLY MAX COLLINS

VS

THE STATE OF TEXAS

Appealed from the County Court of Hopkins

Trial Court Cause NO. 5629C

---

APPELLANTS BRIEF

---

Pro-se, Billy Max Collins
TDCJ 1884849
Terrell/R3
1300 FM 655
Rosharon, TX 77583

ORAL ARGUMENT REQUESTED.

## IDENTITIES OF PARTIES AND COUNSEL

APPELLANT:    BILLY MAX COLLINS
               Pro-se


APPELLEE:     THE STATE OF TEXAS



Appellant and Trial Counsel:      None of Record at this time


Trial Judge:                  Joe Pogue, Deceased
                            Chris Brown/Robert Newsome
                            Presiding over 11.09 H.C.

## TABLE OF CONTENTS

Identity of Parties and Counsel ............ (i)

Table of Contents ............ (ii)

Index of Authorities ............ (iii)

Cases ............ (iiii)

Statement Regarding Oral Argument ............ Pg. 2,5,11

Statement of the Case and Jurisdiction ............ Pg. 1,2 Exhibit A

Issues Presented ............ Pg. 4

Statement of Facts ............ Pg. 5, 6, 7, 8, 9,10

Summary of Argument ............ Pg. 11, 12, 13

Argument ............ Pg. 12

Prayer for Relief ............ Pg. 14

Certificate of Compliance ............ Pg. 15

Certificate of Service ............ Pg. 15

INDEX OF AUTHORITIES

11.09 Relief Denied/Copy of Application     1X - 7X

T.R.A.P. 25.2(a)(2), 25.2(d)     1

T.R.C. 28(a)(b) Recusal of Judge     5

V.A.C.C.P. Art.44.02, 42.01     Exhibit C

C.C.P. Art.[1.15] 5629-C, [45.35] 14018,
   [32.01] 7907, [21.02] 5629-C - CT 9714703   2,5

C.J.S. 231-230 Mistrial/Hung Jury/no verdict 1995  5,6
   #14108 Dismissed without consent or manifest
   neccissity Judges convenince

C.J.S. 208 14018 2nd setting on dockett abandon  5,6,7
   30 days after first trial...aquittal should
   have been entered on record

C.J.S. 208 Double Jepardy 1997 3rd attempt    5,6,7
   14108, New Judge and Jury.

5th, 6th and 14th Amendments     7

EXHIBITS     A - Affidavit

           B - Letter of Intent

           C - 42.01

           D - Faretta v. California 422 U.S
              906 (1975)

           E - Request for Documents (not in court file)
              Point 3 A.B.C. and D.

DOCUMENTS     Judgement and Sentence     xx

           Criminal Dockett     xxx

           Alleged Waivers     1A, 2A, 3A, 4A

<u>CASES</u>

Ex Parte Crusley 548 S.W.2d

Ex Parte Johnson 561 S.W.2d 841

Ex Parte Huffman 9 S.W.3d

Ex Parte Tarango 165 S.W.3d

Ex Parte Harrington 310 S.W.3d

Ex Parte Stanford 571 S.W.2d

Ex Parte Chavez 213 S.W.3d 323
        No evidence violates due process of 14th Amendment

Ex Parte Countryman 180 S.W.3d

Thornton V. State (Cr. app. 1979) 576 S.W.2d 407

Tyra V. State 548 S.W.2d 912 (Tex. Cr. App. 1977)

(iiii)

CAUSE NO. 5629-C

BILLY MAX COLLINS, PRO SE       §    6TH COURT OF APPEALS

V.                               §    TEXARKANA, TEXAS
                                 §
STATE OF TEXAS                   §
                                 §

## MOTION OF APPEAL

Now Comes Pro Se Defendant in cause 5629-C seeking Relief in this Appealable 11.09 misdemeanor from Hopkins County Court of Law, State of Texas.

## JURISDICTION

6th Court of Appeals has jurisdiction in accordance with 11.09 Vernons Texas Statutes Ann. [121] [169] [159].

Ex parte Crosley, 548 S.W. 2d 409 (Cr. App. 1977) Habeas Key 814: Where trial Judge (Robert Newsome) issues writ of habeas corpus attacking validity of a misdemeanor conviction; but denies the relief requested, petitioner has a right to appeal order denying the requested relief.

Ex parte Johnson, 561 S.W. 2d 841 (Cr. App. 1978); Ex parte Huffman, 9 S.W. 3d 302 (App. 4 Dist. 1999); Ex' parte Tarango, 165 S.W. 3d 201, 203 (Tex. App. - El Paso, no pet.). See also Texas Rules Of Appellate Procedure, Rule 25.2(d).

· Because a misdemeanor postconviction writ of habeas corpus proceeding is an appealable criminal action within the meaning of [C.C.P.] Art. 44.02 and the order denying habeas corpus relief is a appealable order within the meaning of [TRAP] 25.2(a))2) we conclude that the Certification Requirement of Rule 25.2(d) applies in this instant appeal.

Cause 5629-C was used to enhance First Felony. Illegally, consequently 14018, 9714703, 7907, 8793 all fall behind a illegal conviction that should be voided, which allows Review of such. Ex parte Harrington, 310 S.W. 3d (Tex. Crim. App. 2010).

The above mentioned cases states this Court has the right to mandate all records relating to above issues. Especially Bill of Review, May 08, 2008 Robert Newsome where I was told in open court I could not introduce the law as evidence.

Cause number 14018 under then sitting 8th District Judge Newsome. Alleged to be County Judge in this 11.09 Application.

I, BILLY MAX COLLINS, Defendant/Appellant would plead to Justice's Honorable Carter as well as the Honorable Morriss, C.J., and Moseley, JJ.

Under unpublished appeal in 06-13-00214-CR at page 7 [4,5] Court in Flowers, 220 S.W. 3d, Flowers states clearly you must have more than a name. Unpublished opinion Carry v. State No. 05-96-01681-CR- 1999 speaks of Cause Numbers verses No Thumbprint. In 5629-C there is no Cause Number of papers allegedly signed by defendant.

Page 8 stated [Defense Counsel]: No, there is not, Your Honor. My client asserts that prior convictions are unlawful and illegal.

This Great Court has authority to Review all issues of claim.

Defendant asserts by the record itself in alleged waivers, no cause number on any of these documents. If in fact defendant did sign these it was not clearly and intelligently done, nor was it done by advise of counsel violation of 5th, 6th and 14th Amendment.

Document 3A under Defendant.... after having consulted with defendant's attorney to defendant's satisfaction...

Defendant asserts by the States on alleged waiver, I had no counsel.

Clearly I was not represented. Clearly as I said, I paid fine to John Perry, then County D.A. and was never in open court at anytime. Blank piece of paper with only cause number on it and filestamped no signature of authority is obviously a cover up for miscarriage of justice.

Defendant asserts a 'Live Evidentiary Hearing' is a"must" to find the truth.

It is apparent by the record that my Affidavit should in all rights be held as true and correct.

It is also apparent that not only did I not know what was going on, neither did the Court.

11.09 at page 2 - ii) Voidable Judgment, irregular or erroneous; "clearly both issues exist".

iii) Void Judgment....

The validity of which may be asserted by any party whose rights are affected at anytime and any place, whether directly or collaterally.

CAUSE NO. 5629-C

STATEMENT OF ISSUES

POINT 1.

Affidavit sent to County Judge Chris Brown of Hopkins County Court on 9/8/2014 was disregarded as to receit of filing date at that time. Copy of advisement enclosed. See index. No counter affidavit having been filed within 30 days Court has to accept as true and correct.

POINT 2.

Alleged waiver's are not dated nor is there a cause number attached properly, nor does punishment waived match voidable judgment and sentencing. Could not have been done in open court at same time.

POINT 3.

A. Alleged (BAC) of .10 is untrue; no blood or breath test was ever taken as Clerk notes clearly states "not in Court file". See Index for copy of letter stating such.

B. Probable Cause Affidavit does not exist as clerk states "not in Court file". See Index.

C. No Arrest Report. "Does not exist in Court file". See Index.

D. Statement of investigation by Patrica Ann Barr has to be untrue due to no such documents "in court file".

ISSUES OF LAW

Article 1.15 clearly states Court must have evidence to sustain a plea of guilty/nolo contendere.

County Court had no such evidence other than False Statements. No proof to sustain Statement of .10 (BAC).

[Recusal of Judge Newsome] Affidavit consist of issues pertaining to Cause 14018 which in 1995 under Judge Lanny Ramsey was a hung jury. Judge Ramsey dismissed jury without a verdict for his convenience and without consent of the defendant (Collins).

CJS 231-230. Article 45.35 at that time 1995 Acquittal should have been entered in the record and was not. Record shows no manifest necessity jeopardy had attached. Docket Sheet clearly shows abandonment and Double Jeopardy on 2nd trial date setting July 30th, 1995 Docket entry of some 30 days from first trial was abandon.

Judge Lanny Ramsey retired from 8th District Court. Robert Newsome, new District Judge brought defendant to trial some 2½ years later in 1997 of February. Double Jeopardy clearly had attached. C.J.S. 208.

Now comes Robert Newsome, retired District Judge in above Cause 14018 Presiding as County Judge which he should have recused himself due to Affidavit and prior knowledge, he has prejudged defendant so as to continue a cover up of illegal incarcerations against Pro Se Defendant Collins. Cuase Number 5629-C was used to enhance 14018 to Felony.

I am Respectfully asking In Gods Name to seek out the truth that is hidden as well as what has been Falsified and brought by Prosecutors and Judges whom have abused discretion, engaged in prosecutorial misconduct, all which has led to a miscarriage of justice.

If this Court would oversee and retain all issues of the puzzle, it would be quite clear. Then when defendant Collins after illegal indictment of Article 32.01., 180 day 2nd term of Court in 7907 was once again lied to by Ron Ferguson, Court Appointed Attorney, lets get everyone together and swear on the Bible then talk.

Under Art. 1.15 clearly states court will not accept plea without evidence to support the same alleged. .10 BAC could not be true due to no scientific test of any kind was documented to .10 BAC. Any stipulation to this was clearly not voluntary or intelligent.

All waivers could not have been signed in open court or factually if in open court before any judge, judgment and sentencing papers would have also been signed and thumbprinted. Just the name of Defendant is legally insufficient to comply with requisites of complaint. No Probable Cause Affidavit in court file to sustain any ~~contamination~~ Conuiction or plea.

Stringer v State. 241 S W. 3d 52. 59 (Tex. Crim. App. 2007). Defendant did not voluntary and intelligently waive his rights to cross examination.

Thus all in affidavit must be accepted as true and correct. See Exhibits A, B, C and D added. E

Documents stating by the clerk of Hopkins County, Exhibit E, handwritten as to no test for alleged .10 BAC. No Probable Cause Affidavit, and no arrest Report in court file.

## ISSUES OF LAW

Cause 5629-C. 5th, 6th and 14th Amendments which was used to enhance to Felony level starting with Cause 14018 Mistrial/Hung Jury 1995, Art. 45.035, Art. 36.33 Discharge without verdict. C.J.S. 231, C.J.S. 230.

C.J.S. 208 Double Jeopardy.

Cause 9714703. Texas Law states no felony rendered without indictment. No indictment in this cause and no evidence of intoxication in Court file. Waiver's not voluntarily or intelligently and knowingly given. Was admonished and coerced of illegal acts of time.

7907 2006 Date of offense 10/24/2004 Indictment rendered after 2nd term of Grand Jury and 180 days with no written order in record to sustain the 3 year statute of limitations as Texas Law requires. See Note Ex Parte Countryman 180 S.W. 3d

7

Ex parte Alan Eugene Harrington, 310 S.W. 3d 452 (Tex. Crim. App. 2010) Tex. Crim. App. Lexis 637. (in all cases originally pled not guilty)

Overview: Applicant told his attorney that the 1986 conviction actually belonged to another man who had stolen his drivers license.

Collins in 1990 conviction 5629-C stated to John Perry County D.A. (now deceased) that he was not guilty. Mr. Perry told Mr. Collins to go ahead and plead guilty because everyone had a couple of D.W.I's.

Collins was not represented by counsel so any alleged plea that was signed was not done intelligently or voluntarily by law. See Ex parte Stanford, 571 S.W. 2d 28 (Cr. App. 1978; Criminal Law Key 641.12. Waiver appears in the record, only a name. Waiver have no Cause Number or Date. Judgment and Sentencing has no signature or thumbprint.

## FACTS AND CONCLUSION OF LAW

Robert Newsome has prejudged defendant due to having set the Bench in Cause Number 14018 after Lanny Ramsay dismissed jury without manifest necessity or defendants consent docket and entry of cause some 30 days later went unanswered with no written order by the court for such.

Case was abandoned in 1995, then Robert Newsome and completely new jury in 1997 brought defendant to trial again for a 3rd time under 208 Double Jeopardy.

Due to his knowledge of past illegal convictions, he once again is abusing his discretion to cover up for his constitents. This Appeals Court now has jurisdiction to request all Court Records pertaining to past illegal convictions, starting with 5629-C; 14018; and 7907 violated Art. 32.01 untimely indictments.

180 days or 2nd term of Court no written order in record to sustain untimely indictment. He is in Judicial Misconduct, by not Recusing himself on this issue.

Rule 28 (a) (b).

Collaterial consquences of this voidable cause 5629-c must not be taken lightly Ex parte Harrington . BMC 310 S.w. 3d 452 (Tex crim. App 2010) IN all cases orginally plead not guilty.

Defendant has no recollection of signing these alleged waivers. Court of Appeals should Request original copies of all concerned documents that Hopkins and Franklin County have retained in all of the following Cause Numbers: 5629-C; 14018; 9714703; and 7907. All out of 8th Judicial District. Esp. Bill of Review in 14018, May 8th, 2008.

NAME: Billy Max Collins

DATE: 4-17-15

Most importantly the Bill of Review in 14018 where Lanny Ramsey was subpoenaed before Robert Newsome and Assistant District Attorney Stephen Lilly were by Defendant objected profusely to Judge Newsome sustaining that I could not introduce the law as evidence. This is suppose to be in the record.

Jan Worsham has repeatedly denied me access to audio and transcription of this hearing held on May 8th, 2008. This is a Violation of Duty by Court Reporter.

## ARGUMENT IN CLOSING

Robert Newsome in current review of 11.09, 5629-C (Collins). Abused court discreation by denying relief sought.

No counter affidavit was filed within 30 days of original 9-8-2014 clearly this is in the Record, as shows on Certificate of Service and Verification.

Enclosed Affidavit Exhibit A addressed to Chris Brown County Judge was returned by the Clerk of County of Hopkins has been whited out and restamped showing a March 2, 2015 date.

Defendant (Collins) as of April _17_, 2015 has still not received any counter affidavit. Thus Court has to accept as true and correct. Note: See Exhibit A Affidavit. Defendant has no recollection of ever signing alleged waivers. Defendant maintains I was never before any Judge Pogue or otherwise.

Defendant maintains he paid cash to John Perry and he said he said he would handle it. Any documents signed were not done voluntary nor intelligently, if in fact I did sign such.

It seems apparent to me or anyone else ~~that~~ that Defendant would have had no problem signing Judgement and given a fingerprint if in fact I signed everything else in open court. I accert miscarrage of justice by Robert Newsome in order to cover up Judicial Misconduct and Violation of Abuse by the Court, in all proceedings that fall behind this conviction.

Ex Parte Harrington, Court of Criminal Appeals of Texas
310 S.W.3d 452 Tex. Crim. App. Lexis 637

5629-C Defendant originally told John Perry, "I am not guilty". See *Overview:... 310 S.W.3d.... Counsel nevertheless advised him to plead guilty. DWI was enhanced to a felony.

In Defendant's case, D.A. John Perry told defendant "plea guilty pay the fine, everybody has a couple of DWI's".
Defendant responded "I am not guilty."
John Perry said "he would handle it".
I paid him 200 plus dollars in cash. I was never in open court, I have no recollection to signing all the alleged documents. If in fact I was in open court then why would no signature or thumb print been on Judgement and Sentencing which does not match Court dockett???

12

Defendant accerts his right as an American Citizen and a Son of the South. That a live evidentary hearing before the 3 Justices of 6th Court of Appeals be held to put the puzzle togeth her facts that have been hidden brought to the table. Defendant has a right to cross examine all previous Officers of the Court.

Respectfully I close for now.

_Billy Max Collins_
Billy Max          4-17-15

13

## PRAYER

In closing, I have tried to understand the law. I have read books, I have seen the injustice and unjust way I was coerced into plea agreements that was not clearly, voluntarily, nor intelligently done.

I pray this Court allow a live Evidentiary Hearing in the Sixth Court of Appeals where all issues can be brought before You.

Amen. Billy Max

I would ask this Court if our Constitution and Laws mean anything at all to you, mandate to 8th District all Records in 14018, 7907, Bill of Review, May 8th, 2008, 9714703 and 8793.

Bne

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Affidavit and Memorandum of Law appended here to has been sent this **17** day of April, 2015 by regular United States Mail with sufficient postage affixed to ensure delivery there of to the office of the ___ 6th Court of appeals Clerk ___.

## VERIFICATION

Being first sworn, verifies that the Facts stated in the foregoing Affidavit and the accompanying Memorandum of law are true to the best of my knowledge and belief.

Billy MaxCollins
1884849
1300 Fm 655
Rosharon Tex 77583

15

CAUSE NO. 5629C

| | | |
|---|---|---|
| Billy Max Collins | § | County Court |
| Petitioner Pro-se | § | |
| V. | § | Hopkins County, Texas |
| The State of Texas | § | Judge Chris Brown |

## MOTION TO VOID CONVICTION 5629C

To the Honorable Judge Brown in Hopkins County Court.
Comes now, Billy Max Collins, Defendant in the above styled
and numbered cause, who seeks relief of this past voidable
conviction, 5629C.

## JURISDICTION

Court has jurisdiction due to a matter of question and
conclusion of law of the 6th Amendment Right to Counsel and the
14th Amendment Due Process.

Judgement sheet, which in its self, does not represent a
final conviction. It is only a document of issues leading to
a conviction. See following:

    i) Judgement: (13c) 1. Blacks Law Dictionary: "A courts
       final determination of the rights and obligations of the
       parties in a case." Cases Appeal and Error Key 76(1)
       Criminal Law Key 1023 (2).

Defendant states his Judgement was not complete nor was it
clerical, no thumbprint, no signature of alleged defendant.

1

𝗍 λ

ii) Voidable Judgement:(17c) Blacks Law Dictionary: "A judgement that, although seemingly valid, is defective in some material way; esp., a judgement that although rendered by a court having jurisdiction is irregular or erroneous". Cases Judgement Key 27,353,501.

iii) Void Judgement:(18c) Blacks Law Dictionary: "A judgement that has no legal force or effect, the validity of which may be asserted by any party whose rights are affected at any time and any place, whether directly or collaterally."

Judgement of record before Honorable Judge Pogue on March 16, 1990, date clearly shows No Record of waiver, does Not show Nolo/contendere plea, has no signature or thumbprint on Judgement Sheet as required, shows no attorney or admonishment as to any waiver. Faretta Inquiry Faretta v. California, 422 U.S. 806 (1975)

II

STATEMENT OF ISSUES

County District Attorney, John Perry, did in fact receive Defendant's fine and told Defendant he would take care of it, even though Defendant told Mr. Perry he was Not Guilty. Mr. Perry stated "Billy Max, just pay the fine and I'll handle it".
The agreement was not intelligently given nor was it actually voluntary. Defendant trusted Mr. Perry that he would do the right thing. Reason for Nolo contendre.

-2-

2X

Paperwork has surfaced at this time that even though it shows a signature, Defendant has no recollection of signing these alleged documents. No test for DWI was given to prove a BAC (Blood Alchohol Level) over 0.10 as stated in alleged documents.

Defendant states here that he was clearly never in front of Judge Pogue on this issue thus the reason for NO Signature on Judgement. No cause No. on alleged waivers; nor File Stamp. File Stamp was on separate blank sheet of paper an it too had no Cause NO.

## III

## ALLEGED DOCUMENTS OF WAIVER

Alleged documents signed allegedly by Defendant shows that Sentencing and Punishment by Fine and Jail Time does NOT match Judgement Sheet, nor do alleged documents have a Cause NO. as is apparent. Nor was it done in open court before the Honorable Joe Pogue.

## IV

## FACTS AND CONCLUSION OF LAW

Defendant has sent the Honorable Judge Brown an Exhibit A, Collin's Affidavit of Facts. This was NOT a Motion, but Affidavit that has gone unanswered as of this date, January 28, 2015. Defendant has not received any counter affidavit, within 30 days.

-3- X

Morris v. National Cash Register 44 S.W.2d. 433 at page 4 states [uncontested allegations in affidavit must be accepted as true] uncontested for 30 days or more.] Also consider Federal Case of Group v. Finletter, 108 F. Supp. 327: which clearly states that [allegations in an affidavit in support of Motion must be considered as true in absence of counter affidavit.]

## V

## EXHIBITS

The following documents are part of this incorporated Motion as EXHIBITS A, B, C, and D.

## PRAYER

Defendant Pro-se, Billy Max Collins, acerts and prays Honorable Judge Brown void 5629C as a matter of Justice and the right thing to do, in accordance with the Law and not to abuse discretion. There was no counter affidavit to EHHIBIT "A" filed within 30 days. See Attachments: EXHIBITS A, B, C, and D.

Billy Max Collins

Billy Max Collins, Pro-se

2-20-15

-4- X

CAUSE # 5629-C

FILED FOR RECORD
HOPKINS COUNTY, TEXAS

2015 MAR 20 P 1: 49

SHIRLEY
COUNTY CLERK

BY_____DEPUTY

Billy Max Collins

§

§

V.

§

§

The State of Texas

§

IN THE COUNTY COURT

HOPKINS COUNTY, TEXAS

ORDER

Now comes Robert Newsom, County Judge of Hopkins County, and after reviewing the pleadings of Applicant, papers of the case, and the law; finds as follows:

The Court denies Applicant's Motion to Void Conviction.

Signed this 20th day of March, 2015

Judge Presiding
Hopkins County Judge

CAUSE 5629-C

| COLLINS | § | HOPKINS COUNTY |
| Pro-se | § | |
| VS | § | COUNTY COURT |
| | § | |
| TEXAS | § | ROBERT NEWSOME |

MOTION TO RULE

ON HABEAUS 11.09

Now comes Defendant (Collins) in Issue of Denied Relief in previously filed 11.09.

Previously filed affidavit went uncontested for over 30 days. Thus Court has to accept as true and correct.

[Note ●See Exhibit A Page <u>1</u> of Affidavit in 11.09]

Defendant would accert his Constitutional Right under the 14th Amendment to be granted a Ruling on 11.09 Application.

All Motions are to be put before the Court within 3 days of filing date, Tex. Code Crim. Proc. Art.___?___ and Return *can't Remember this one.* Receipt of Ruling by Law.

Respectfully submitted,

Date: April **06** , 2015

*Billy May Collins*

1300 FM 655
Rosharon, TX 77583

*No Asuver as of
4-17-15
B.M.C.*

6 X

## ADMENDMENT TO REQUEST
### Additional Information

This is an Adendment to request additional information in relation to enclosed copy of Affidavit sent to Judge Brown, not being filed as requested, no Return Receipt having been received on this. I am enclosing another "copy" of Affidavit and hereby request information to the first filing. First Filing sent on or about September 8th, 2014.

It has been well over 30 days since this Affidavit of Facts Exhibit A was sent to Judge Brown to be filed. Judge Brown should have rendered this filing to Clerk of Court and to Prosecutor Dusty Hyde Rabe, County Attorney.

Billy Max Collins 1884849
CT Terrell Unit
1300 FM 655
Rosharon, TX 77583

Note* as of april 6, 2015 No reply to this amended Request For Filing date, B.m.c.

Original affadavit had all typing errors corrected That is the one First Sent on 9-8-2014 That is the one that Should Be on File and is not?? TX

Billy May Collins
Pro SA litigant

# EXHIBT'S

## and

## ALLEGED WAiver's

CAUSE NO: 5629C

BILLY MAX COLLINS                    §        COUNTY COURT
PRO_SE                               §
                                     §
v.                                   §        HOPKINS COUNTx
                                     §
STATE OF TEXAS                       §
Plaintiff                            §        JUDGE CHRIS BROWN

FILED FOR RECORD
HOPKINS COUNTY, TEXAS

2015 MAR -2 P 3: 44

DEBBIE SHIRLEY
COUNTY CLERK

BY_____DEPUTY

COLLINS"S AFFIDAVIT OF FACTS   EXHIBIT  A

this is not a motion

My name is Billy Max Collins and my date of birth is 5/11/1954

I'am presently incarcerated at the C.T.Terrell unit and my TDCJ #

is 1884849 and my address is 1300 F.M. 655 Rosharon, Texas 77583.

I declare under the penalty of perjury that the foregoing affidavit is

true and correct. The defendant is likely to be the only individual

now or in the future; who is willing and able to place a Sworn Affidavit

affirming the here in disclosed facts under penalty of perjury, into

the record of this case and as such, in absence of a Sworn-Affidavit

signed under the penalty of perjury regarding these same facts, laws,

case laws and evidence. Defendant should be the only prevailing party.

See Morris v. National Cash Register, 44 S.W.2d 433; which clearly

states at #4 that "(uncontested allegetions in affidavit must be

accepted as true)" uncontested for 30 days or more);Also consider

Federal Case of Group v. Finletter, 108 F.Supp. 327; which clearly

states "(allegations in an affidavit in support of motion must be

considered as true in absence of counter affidavit.")

Collins would state the following information to be true and correct.

On March 16, 1990 Date of Misd. DWI Cause # 5629C

Collins had no attorney nor did I sign a waiver too such. Paid the

fine to the County District Attorney John Perry.

Mr. Perry stated to me " Billy Max just pay the fine" everyone has

a couple of D.W.I.'s but " iam not quilty" Mr. Perry said "it would

1.

be easier that he would handle it" I believe I set in jail on 2 different weekends plus the fine I paid. This void conviction was used in indictment on cause no. 14018 In Aug. 1994 after being reinstated by parole on a DWI charge. Stating a lack of evidence to intoxication. Linda Hammonds was the parole officer and Danny Hobbs was the hearing officer. Robert Artis was the Attorney and Frank Long was the D.A. at the time.

Reinstatement of parole was not put before the Gran Jury as it should have been. There would have been no return of an indictment had this critical document been entered as it should have been. Should be able to check the minutes as to truthfuf this issue. Reinstatement due to lack of evidence of intoxication by paoole.stlaceby the use of a void conviction # 5629C under the 6th Amendment right to counsel. A void conviction used to enhance a new charge is also void # 14018. Is also void or voidable by law.

Reinstatement hearing is on microflim in TDCJ Archives which I have not been able to obtain either in prison or out. If any doubt to this Statement about being reinstated for lack of evidence arises the court should be able to retain these records where I could not Collins)

Cause # 5629C has only a name same as mine any alleged plea was not given freely and voluntaryly absent any waiver orreepresentation or proof of such no attorney makes # 5629C a void conviction under the 6th Amendment. See Flowers, 220 S.W.2d at 925 " clearly we must not depend on only a name and birth date " # 5629C has noly a name. By the law hhis cause should be rendered void and the Judgement Issued Stating such. If no counter Affidavit is filed within 30 days. This document becomes true and correct.

Respectfully Submitted

Billy Max Collins # 1884849

2.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Affidavit and memorandum of law appended hereto has been sent this day of _9-8-8_ 2014. By regular United States Mail with sufficient postage affixed to insure delivery there of to the office of the Prosecutating Attorney

## VERIFICATION

Being First Sworn, Verifies that the facts stated in the foregoing Affidavit and the accompanying Memorandum of Law are true and correct to the best of my Knowledge and Belief.

Excuted On: _9-8-14_

Submitted BY: _Billy Max Collins_

Billy Max Collins # 1884849
C.T.Terrell Unit 1300 F.M. 6555
Rosharon, TX 77583

9-8-14

Honorable Chris Brown

SIR
I Billy MAx Collins will after 30+ days of no return Counter affadavit as To previous Case 5629 C March 16 1990 NOT Being Sworn Too in counter affadavit at that time Forward and File motion to Render Judgement void accompanied by memorandium of Law.

Respectfully Submitted
Billy May Collins # 1886849
C.T. Terrell
1300 Fm 655
Rosharon Tex 77583

1 of 2 copies please return notice of Receipt

1-28-15 as of this Date no Notice as to Reciet has been Returned.
Billy May Collins Signed
4-9-15

ART. 42.01

Exhb. C

Where there were no notations or entries among papers of case or on the docket sheet indicting that petitioner waived counsel or was represented by counsel, printed form of judgement stated that Petitioner was represented by counsel but in space provided no name of counsel appeared, and district Judge, (County Judge)? who was sitting and District Attorney, (County Attorney) who was in office when Petitioner entered plea and was convicted were both dead, Petitioner was denied his constitutional right to be represented by counsel and was therefore entitled to have his 1950 robbery conviction declared void. Ex Parte ,Standford Cr.App.1978 571 S.W.2d 28. Criminal law Key 641.12   10

John Perry County D.A. has deceased

Hopkins County Cause No: 5629 C

County Judge, I have no idea due to I am pretty sure I never wentwent before a Judge; John Perry D.A. said he would handle it. I paid him the fine. I may have set in jail on weekends 4 days worth.

*This Statement was made Before alleged documents appeared As for going Before Judge I STILL maintain (not to my Knowledge) or Recollection was I IN front of any Judge Pogue or otherwise*

Respectfully *Billy Max Collins*

Billy Max Collins
Terrell Unit # 1884849
1300 F.M. 655
Rosharon, TX 75583

# FARETTA INQUIRY

## FARETTA V. CALIFORNIA, 422 U.S. 806(1975)

Holding the Sixth Amendment as made applicable to the States by the Fourteenth guarntees that a defendant...

... in a State Criminal trial has an independent constitutional right of self-representation and that he may proceed to defend himself without counsel when he voluntary and intelligently elects to do so; and in this case the State Court erred in forcing a petitioner against his will to accept a State- appointed Public Defender and in denying his request to conduct his own defense.

Rebuttal," Defendant was not given the choice of counsel"... When defendant demands of self-representation, the Court should first establish that the defendant has the present mental capacity to make an intelligent waiver. This would be similar to the inquiry should be made when accepting a plea in lieu of a jury trial.

For example, inquiry should be made regarding the defendants age, education, ability to read and write, influence of drugs or alcohol, and whether the defendant has ever been adjudicated incompetent or is currently suffering from any mental disability.

The Defendant should be asked questions similiar to the following:

1. Have you ever studied law?

2. Have you ever represented yourself in a criminal action?

3. Do you understand the charge(s) against you?

4. Are you aware of the maximum penalty for each charge?

5. Are you familar with the exact legal elements for each charge?

6. Do you realize that if you are found guilty of more than one of these crimes, this may result in an Order that the sentence be served consecatively that is, one after another?

7. Do you realize that if you represent yourself you are on your own as the Judge I cannot tell you how you should try your case or even advise you as to how to try your case?

1.

Exhb D

Without a "Judgement" trial court is not authorized to sentence a defendant. Thornton v. State (Cr. App. 1979) 576 S.W.2d 407.

A judgement and sentence are not the same thing. See Art. 42.01 and 42.02 T.A.C.C.P.

A sentence is the order of the court in felony and certain misdemeanor cases pronouncing the Judgement and ordering the same to execute. See Art. 42.02 supra

Without a Judgement the trial court is not authorized to sentence a defendant. See Tyra v. State 548 S.W.2d 912 (Tex Cr. App. 1977)

Exhibit E

_2-12_ , 2015



County Clerk, Debbie Shirley

Courthouse Annex

128 Jefferson St., Ste. C

Sulpher Springs, TX 75482


      Re: Request of documents in 5629C

         1) Judgement Sheet

         2) Dockett Sheet; any alleged waivers allegedly signed
            by Defendant, Billy Max Collins

         3) Also asking for Breath and/or Blood Test Documentat-
            ion which alleged to show a 0.10 (BAC)Blood Alcohol
            Content.

         4) Probable Cause Affidavit, and

         5) Arrest Report.

      Needed for Pro se filing of 11.05-11.09 Habeaus corpus.


Dear Ms. Shirley,

I need to readdress recent request for documentation of
Cause 5629C, before the Honorable Judge Pogue, March 16, 1990.

Ms. Smith was very prompt and effecient on the first request,
which I received. But, added information is needed.

Along with same information being sent a second time, I'm
requesting, if possible, two copies of each document as follows:

         1)Judgement Sheet

         2)Dockett Sheet

         3)Alleged Waivers

         4)Probable Cause Affidavit    *not in court's file*

         5) Test Results from Blood or breath test to alleged 0.10
           (BAC). If this test was completed documents should
           Appear in the Record.    *not in court's file*

-1-

6) Arrest Report.   *not in court's file*

     Please advise on the cost of these issues so I can forward
funds to pay for, and please expidite as soon as is convient, if
enclosed amount is not enough.

                                        Respectfully submitted,

                                        *Billy Max Collins*
                                        Billy Max Collins   1884849

                                        Terrell Unit
                                        1300 FM 655
                                        Rosharon, TX 77583

Note: Last account was $18.00 for Certified Copies. Please make
copies as is and send to me. I have enclosed $30.00 which should
cover cost. If not, please send (1)set and let me know additional
cost for additional copies requested.

NO. 5629-C

IN THE COUNTY COURT OF HOPKINS COUNTY, TEXAS

J U D G M E N T   A N D   S E N T E N C E

| | | |
|---|---|---|
| THE STATE OF TEXAS | ⎰ | IN THE COUNTY COURT |
| V | ⎰ | OF |
| BILLY MAX COLLINS | ⎰ | HOPKINS COUNTY, TEXAS |

ON this the *16* day of *March* _____, 1990, this cause being called for trial, came the Hopkins County Attorney for the State of Texas, and came the Defendant in person having knowingly and intelligently waived the right for counsel/and his attorney; thereupon the County Attorney announced ready for trial, and the Defendant, having been duly arraigned, pleaded GUILTY\NOLO CONTENDERE to the information thereupon the defendant was admonished by the court of the consequences of said plea including the minimum and maximum punishment, and the said defendant persisted in pleading guilty; and it plainly appearing to the court that the said defendant is sane and that he is not influenced in making said plea by any consideration of fear, or by a persuasion or delusive hope of pardon prompting him to confess his guilt, the said plea is by the court received and now entered of record in the minutes of the court as the plea herein of said defendant; thereupon the defendant, (his counsel) and the County Attorney announced in open court that they, and each of them agreed in writing to waive a jury in this cause and to submit this cause to the court, and the court having consented to the waiver of a jury herein, and the court, after having heard in the information read, the defendant's pleas thereto, and after having heard all the evidence for the state and the defendant and argument of counsel, is of the opinion and so finds, that the defendant is guilty as confessed by him of the offense of Driving While Intoxicated which occurred on 22nd day of November, 1989.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED, that the Defendant is guilty of Driving While Intoxicated, as charged in the information herein, and as confessed by him in his plea of GUILTY\NOLO CONTENDERE herein made, and the court having heard evidence on the question of punishment and argument of counsel thereon fixed the punishment by confinement in the Hopkins County Jail for 15 days and by a fine of $750.00.500.00

And the defendant being asked by the Court if sufficient reason existed by the sentence of this Court should not be pronounced, failed to give such reason; whereupon the court proceeded, in the presence of the defendant (and his attorney), to pronounce sentence as follows:

IT IS THE ORDER OF THIS COURT that the said defendant BILLY MAX COLLINS, who has been adjudged guilty of the offense of Driving While Intoxicated, be, and is hereby sentenced to confinement in the Hopkins County Jail for a term of 15 days and

*← no signature*

FILED FOR RECORD
HOPKINS COUNTY, TEXAS
1990 MAR 16 PM 4: 58
MARY ATHERSE CLERK
COUNTY
BY—

*Defendant's Note ## underline of Judgment (his counsel) Defendants Rebuttal —BMC*

*I had no counsel clearly*

*If in open court I had a attorney what is his Name?*

XX

to pay a fine of $~~750.00.~~ 500.00 The Court further orders that the State of Texas do have and recover of the said defendant the amount of the fine and all costs in this proceeding incurred for which let execution issue.

ENTERED: 16 day of _March_, 1990.

_Joel Rogus_
PRESIDING JUDGE

LEFT INDEX :    RIGHT INDEX

*No prints*

FILED FOR RECORD
HOPKINS COUNTY, TEXAS
1990 MAR 16 PM 4: 00
MARY ATTLESEY
COUNTY CLERK

BY_____ DEPUTY

*No Signature*

*No signature of alleged Defendant*

XX

# CRIMINAL DOCKET

NO. ____

| | Number of Case | STYLE OF CASE | ATTORNEYS | | OFFENSE | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Month | Day | Year |
| | | THE STATE OF TEXAS | State | | | 3 | 1 | 90 |
| | 5629-C | vs. | | | Dwi (2nd) | Information, Index or Indictment | | |
| | | Billy Max Collins | | | | Fee Book | | |
| | | | Defendant | | | Vol. 36 | | Page 452 |

| Date of Orders | | | Was Stenographer Used | ORDERS OF COURT | Minute Book | | WITNESSES |
|---|---|---|---|---|---|---|---|
| Month | Day | Year | | | Vol. | Page | |
| | | | | | | | |
| | | | | | | | |
| | | | | On this day, in open Court, personally appeared the Defendant, | | | |
| | | | | who after being duly warned, waived his rights to an attorney and | | | |
| 3 | 16 | 90 | | trial and enters his plea of guilty to the above charge, and is | | | |
| | | | | hereby found guilty on his plea and is sentenced to ~~$300~~ & | | | |
| | | | | and cost of Court and 3 days in jail. Sentence is her... | | | |
| | | | | ...nounced after Defendant waived time of sentencing. | | | |
| | | | | *Joe J. Alford* | | | |
| | | | | County Judge | | | |
| | | | | Hopkins County, Texas | | | |

Defendants Note ※ Judgement + Docket do not match Rebuttal of Erroneous Conviction B.M.C.

XXX

NO. _____ ← No cause

*(handwritten: No cause II)*

THE STATE OF TEXAS      {    IN THE COUNTY COURT

V.      {       OF

BILLY MAX COLLINS      {    HOPKINS COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

        NOW COMES THE UNDERSIGNED DEFENDANT IN THIS CAUSE AND REPRESENTS TO THE COURT THAT DEFENDANT HAS NO ATTORNEY, THAT DEFENDANT DOES NOT INTEND TO EMPLOY COUNSEL HEREIN, AND THAT DEFENDANT WAIVES ANY RIGHT DEFENDANT MAY HAVE, ON APPLICATION THEREFORE, TO HAVE THE COURT APPOINT AN ATTORNEY TO DEFEND DEFENDANT IN THIS CASE.

        DEFENDANT FURTHER REPRESENTS TO THE COURT THAT DEFENDANT DESIRES TO MAKE IMMEDIATE DISPOSITION OF THIS CASE BY HERE AND NOW ENTERING DEFENDANT'S PLEA OF GUILTY\NOLO CONTENDERE HEREIN, WAIVING TRIAL BY JURY AND SUBMITTING IT TO THE COURT ON ALL ISSUES OF LAW AND FACT.

        WHEREFORE, PREMISES CONSIDERED, DEFENDANT PRAYS THE COURT TO PROCEED IMMEDIATELY ON THE FILING HEREOF TO ARRAIGN DEFENDANT IN THIS CAUSE, TO ACCEPT DEFENDANT'S SAID PLEA OF GUILTY\NOLO CONTENDERE AND WAIVER OF TRIAL BY JURY, TO ENTER JUDGMENT THEREON AND, HAVING ENTERED THE SAME, TO IMMEDIATELY SENTENCE DEFENDANT IN THE MANNER PROVIDED BY LAW, WAIVING FOR SAID PURPOSE EVERY PROVISION OF LAW THE EFFECT OF WHICH WOULD DELAY OR ARREST ENTRY OF JUDGMENT OR IMPOSITION OF SENTENCE HEREIN.

_____
DEFENDANT

FILED:

        THE FOREGOING APPLICATION, FILED WITH THE CLERK AND PRESENTED TO THE COURT ON THE ____ day of _____, 1990, IS CONSIDERED, APPROVED AND GRANTED ON THE SAME DATE.

*(handwritten: no Date or Signature)*

_____
JUDGE PRESIDING

WAIVER OF APPOINTMENT OF ATTORNEY

FILED FOR RECORD
HOPKINS COUNTY, TEXAS
1990 MAR 16 PM 4:00
MARY ATTLESEY
COUNTY CLERK
BY_____ DEPUTY

1A

NO. _____

| | |
|---|---|
| THE STATE OF TEXAS | IN THE COUNTY COURT |
| V. | OF |
| BILLY MAX COLLINS | HOPKINS COUNTY, TEXAS |

## WAIVER OF JURY-AGREEMENT TO STIPULATE-APPLICATION FOR PROBATION

NOW COMES defendant in the above cause, and would respectfully show that he stands accused by complaint and information of a misdemeanor, and defendant waived his right to trial by jury, voluntarily enters his plea of GUILTY\NOLO CONTENDERE to the charge herein and requests the Court to accept said plea and proceed to trial without a jury, and further waives the appearance, confrontation and cross-examination of witnesses, and further consents to the introduction of testimony by affidavits, written statements of the defendant or of witnesses, and any other documentary evidence in support of the judgment of the Court.

Defendant prays in the event of his conviction, that the imposition of sentence herein be suspended and that Defendant be placed on probation, and further,

I judicially confess that I have read and understand the complaint and information in this case. I judicially confess that I committed the offense alleged in said case exactly in the time, manner and means alleged in said complaint and information.
APPROVED:

_____     _____
ATTORNEY FOR DEFENDANT                  DEFENDANT

SWORN TO AND SUBSCRIBED before me on this the ____ day of _____, 1990.

NOW COMES the Hopkins County Attorney and consents to and approves the waiving of a jury by the Defendant

_____
HOPKINS COUNTY ATTORNEY
HOPKINS COUNTY, TEXAS

Defendant's waiver, in writing, in person, and in open Court, of his right to be tried by a jury on his plea of GUILTY\NOLO CONTENDERE, together with his request to be tried for the above offense before the Court, without a jury and defendant's agreement to stipulate and waiver of confrontation and cross-examination of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court. The application for probation is (GRANTED) (DENIED).

_____
PRESIDING JUDGE

2 A

NO. _____

THE STATE OF TEXAS          {       IN THE COUNTY COURT

V.                              {         OF

BILLY MAX COLLINS                 {     HOPKINS COUNTY, TEXAS

### WAIVER OF RIGHT TO FILE MOTION FOR NEW TRIAL
### AND RIGHT TO FILE MOTION IN ARREST OF JUDGMENT

COMES NOW, the Defendant in the above styled and numbered cause, personally and with knowledge and (having waived the right of appointment of attorney/with consent of defenddant's attorney), and show the Court:

THAT on the ____ day of _____, 1990, defendant was convicted and punishment was fixed by the Court at a term of 15 days in the Hopkins County Jail;

DEFENDANT further states that defendant understands that defendant has the right to file a Motion in Arrest of Judgment any time within thirty (30) days from the date of this conviction. Defendant waives each of these rights and accepts as final the Judgment of conviction herein;

DEFENDANT states further that, after having consulted with defendant's attorney to defendant's satisfaction, defendant is fully aware of all of defendant's statutory and constitutional rights in this case, and defendant hereby voluntarily, knowingly and intelligently waives, in open Court, defendant's rights to file Motion for New Trial and Motion in Arrest of Judgment.

_Max Callin_____         _____
Defendant (In Open Court)        Attorney for Defendant

------------------------------------------------------------

### ORDER

IT APPEARING to the Court that the above Waivers of Defendant's rights to file Motion for New Trial and Motion in Arrest of Judgment were voluntarily, knowingly and intelligently made, such waivers are hereby approved and accepted by the Court.

_Joe Bogus_____
County Judge, Hopkins County, Texas

### WAIVER TO RIGHT TO APPEAL

COMES NOW the Defendant in this cause, joined by defendant's attorney, and states that after punishment has been assessed and sentence imposed in this case, defendant understands that defendant has the right to appeal, and that if defendant desires to appeal and is indigent, an attorney will be appointed to represent defendant on appeal at no cost to defendant. The Defendant now, in open Court, waives and gives up the right to appeal in this case.

_Max Collin_____         _____
Defendant (In Open Court)        Attorney for Defendant

*[Stamp in left margin: FILED FOR RECORD, HOPKINS COUNTY, TEXAS, MAR 16 PM 4:01, ATTLESEY COUNTY CLERK, DEPUTY]*

---

*[Handwritten at bottom:]*

Defendants Note *

all through these alleged waivers State speaks of advice from my Counsel That I never had. John Perry DA is the only person I ever talked To Pd him 200 + in Cash.

3A

NO. _____

THE STATE OF TEXAS          ¦       IN THE COUNTY COURT

V.                         ¦            OF

BILLY MAX COLLINS        ¦       HOPKINS COUNTY, TEXAS

## WAIVER OF TEN DAYS TO PREPARE FOR TRIAL

COMES NOW, the above named Defendant, (having waived the right of appointment of/and the attorney appointed to defend the above named Defendant), and hereby in writing waives the ten (10) days granted us to prepare for trial in this cause. And further requests the court to consider the following agreed recommendation for disposition of this cause.

## PLEA AGREEMENT RECOMMENDATION

OFFENSE: Driving While Intoxicated

15 days: confinement in the Hopkins County Jail:

_____ Credit for time served

Fine of $750.00: Court costs of $127.50

Restitution of: -0-

FILED FOR RECORD
HOPKINS COUNTY, TEXAS
1990 MAR 16 PM 4: 01
MARY ATTLESEY
COUNTY CLERK
BY _____ DEPUTY

_____
DEFENDANT

_____
ATTORNEY FOR DEFENDANT

_____
COUNTY ATTORNEY
HOPKINS COUNTY, TEXAS

_Have no recollection of_
_Signatures alleged on_
_Documents_    _Billy Max Collins_

4A